## BRADEN v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. December 14, 1920.)

No. 5500.

1. **Criminal law ⬤369(6)—Evidence of other sales held admissible in prosecution under Narcotic Act.**

In a prosecution under Harrison Narcotic Act, § 8 (Comp. St. § 6287n), for having such drugs in possession, evidence of sales of such drugs by defendant *held* admissible to show that he was a person required to register under section 1.

2. **Criminal law ⬤1186(4)—Instruction as to right to disbelieve witness held not reversible error.**

In an instruction as to the discretion of the jury with respect to the testimony of a witness whom they believe to have testified falsely, the omission to state that such testimony must have been willfully or intentionally false *held* not prejudicial error affecting defendants substantial rights authorizing reversal under Judicial Code, § 269, as amended by Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246).

3. **Criminal law ⬤29—Unlicensed person having narcotic drugs may not be convicted on separate counts for each kind of drug found in his possession.**

Harrison Narcotic Act, § 8 (Comp. St. § 6287n), making it unlawful for an unregistered person to have in his possession "any of the aforesaid drugs," does not authorize a conviction on separate counts for each kind of drug found in defendant's possession at the same time.

4. **Criminal law ⬤1218—Imprisonment in penitentiary for one year or less unauthorized.**

Under Rev. St. § 5541 (Comp. St. § 10527), imprisonment in a penitentiary is unauthorized unless the sentence is for a longer term than one year.

In Error to the District Court of the United States for the District of Minnesota; Page Morris, Judge.

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Criminal prosecution by the United States against Albert Braden. Judgment of conviction, and defendant brings error. Affirmed in part.

George Nordlin, of St. Paul, Minn., for plaintiff in error.

William Anderson, Asst. U. S. Atty., of St. Paul, Minn. (Alfred Jaques, U. S. Atty., of Duluth, Minn., on the brief), for the United States.

Before SANBORN, CARLAND, and STONE, Circuit Judges.

CARLAND, Circuit Judge. Plaintiff in error, hereafter called defendant, was indicted on an indictment containing nine counts which charged him with violations of section 8, Act Dec. 17, 1914. 38 Stat. 789 (Comp. St. § 6287n). Counts 1, 2, 3, 4, and 5 were eliminated on demurrer. Defendant was found guilty on counts 6, 7, 8, and 9, and sentenced to the penitentiary as follows: Sixth count, five years; seventh count, three years; eighth count, one year; ninth count, one year—said terms to be served "serially and not concurrently." The overruling of the demurrer to counts 6, 7, 8, and 9 is assigned as error, but the question is not argued by counsel for defendant. Counsel for the United States rightly assumed that the question was waived, and therefore presented no argument. We must act on the same assumption. The finding that the affidavit of prejudice was insufficient was not excepted to, specified as error, or argued. The assignment of error in regard to the admission of evidence does not quote the full substance of the evidence admitted or at all, and the alleged error is not argued, and, under rule 11 of this court (188 Fed. ix, 109 C. C. A. ix), must be disregarded. Assignments of error No. 7, 8, and 11 are not argued. The sufficiency of the evidence to justify the verdict was not raised at the trial, but in the exercise of our discretion we will consider alleged defects therein. It is claimed that the evidence is insufficient to show that the defendant was a person required to register under section 1 of the act. United States v. Jin Fuey Moy, 241 U. S. 394, 36 Sup. Ct. 658, 60 L. Ed. 1061, Ann. Cas. 1917D, 854. Section 1 (Comp. St. § 6287g) provides that "every person who * * * deals in, dispenses, sells, distributes, or gives away" opium or coca leaves or their derivatives shall register, etc. The law does not say "carry on the business of," etc. The evidence shows that on November 13, 1918, Paddy McSheffrey introduced to the defendant Internal Revenue Agents Feimster and Anson, who represented themselves to be automobile thieves who wished to dispose of automobiles which had theretofore been stolen. Defendant wished to know what they wanted for them, cash or dope. Anson agreed to take dope for his share. Anson and McSheffrey then accompanied the defendant to his flat, No. 490 Rice street, St. Paul, Minn. On arriving at the flat defendant sold Anson morphine and cocaine, and also sold McSheffrey morphine for which Anson paid. Anson saw the defendant again on the morning of November 14, at which time the defendant delivered to one Clayton Foster a toy of smoking opium for which Anson paid. Anson met the defendant again on November 15 at defendant's apartment, and then and there Anson arranged to buy 25 ounces of morphine from defendant at $35 an ounce. Defendant on

the evening of November 15 arranged with Anson to purchase for him, the defendant, 100 pounds of gum opium at $40 a pound. The same evening Anson purchased from defendant one dram of heroin. Anson and Feimster met defendant again at his apartment on November 16, at which time defendant sold Anson a 25-ounce box of morphine for which Anson paid the defendant $875. After this sale was made Anson and Feimster disclosed their identity, and, together with a number of men who were stationed outside of the flat, placed the defendant under arrest and searched his flat. The search disclosed a large quantity of morphine, smoking opium, heroin, and cocaine hydrochloride, as set out in the indictment. Patrick Callahan testified that he had purchased morphine and cocaine from defendant on various occasions. Edmund G. McCarthy also testified that eight or ten times a month he purchased narcotics from the defendant.

[1] In view of this evidence it is idle to contend that defendant was not shown to be a person required to register under section 1 of the act. There is no merit in the contention that defendant was procured to commit the crime with which he was charged or that evidence of other crimes was erroneously admitted. It was necessary to show that defendant was one of the classes of persons mentioned in section 1 who were obliged to register and hence to show that he sold or dealt in the prohibited drugs although he was only charged with having them in his possession. Complaint is made of an excerpt taken from the charge of the court wherein the court instructed the jury as to the testimony of any witness whom the jury might believe had testified falsely. It is objected that the excerpt does not contain an instruction that the testimony must be willfully or intentionally false.

[2, 3] No exception was taken to this portion of the charge at the trial, and there is about as many decisions in support of the language given by the court as there is of the language contended for by counsel for defendant. We do not think the omission of the words mentioned affected the substantial rights of the defendant. Section 269, Judicial Code, as amended by Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246). It is further contended that the sentence imposed by the trial court is excessive. This contention is based on the fact that, although defendant was convicted on four counts, the transaction upon which said four counts are based was the finding of defendant in possession on the 16th day of November, 1918, at his flat in St. Paul, Minn., of the four different drugs mentioned in counts 6, 7, 8, and 9, said drugs being morphine sulphate, cocaine, heroin, and smoking opium, all derivatives of opium except cocaine, which is a derivative of coca leaves. Counsel for the United States contend that the words "any of the aforesaid drugs," as used in section 8, permit him to base a count upon each drug found in the possession of the defendant although the drugs were all found at the same time and place. We do not think that any such significance can be given to the word "any." The use of this word simply means that, if the defendant under the required circumstances should be found in possession of any of said drugs, he would be guilty. If a person steals four horses from the barn of another, all being of different color, it would not

be competent to charge the thief with four different larcenies when the horses were all taken at the same time and place. Another illustration would be the larceny of articles of merchandise from a store. If twelve articles were all taken at the same time and place, we do not think it would be competent to charge the thief with twelve different larcenies. If the test as to whether there were four different offenses arising out of the transaction in this case or only one was as stated by this court in Munson v. McClaughry, 198 Fed. 72, 117 C. C. A. 180, 42 L. R. A. (N. S.) 302, and followed in Stevens v. McClaughrey, 207 Fed. 18, 125 C. C. A. 102, 51 L. R. A. (N. S.) 390, there would be no question in our opinion but that the facts in this case constituted but one offense. But in Morgan v. Devine, 237 U. S. 632, 35 Sup. Ct. 712, 59 L. Ed. 1153, the Supreme Court disapproved of the test laid down in Munson v. McClaughry, supra, and stated:

"But the test is not whether the criminal intent is one and the same and inspiring the whole transaction, but whether separate acts have been committed with the requisite criminal intent and are such as are made punishable by the Act of Congress"—citing Burton v. U. S., 202 U. S. 344, 26 Sup. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 392.

Again in this same case the Supreme Court used the following language:

"As to the contention of double jeopardy upon which the petition of habeas corpus is rested in this case, this court has settled that the test of identity of offenses is whether the same evidence is required to sustain them; if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by the statutes. Without repeating the discussion, we need but refer to Carter v. McClaughry, 183 U. S. 365, Burton v. United States, 202 U. S. 344, 377, and the recent case of Gavieres v. United States, 220 U. S. 338."

See, also, Ebeling v. Morgan, 237 U. S. 625, 35 Sup. Ct. 710, 59 L. Ed. 1151, where the cutting of different mail sacks were held to be different offenses.

[4] We are of the opinion, however, that even under the rule prescribed by the Supreme Court in Morgan v. Devine, supra, the four counts upon which the defendant was found guilty charged but one offense as it would require the same evidence to sustain each of them. This is shown when we observe that there was only one set of facts which established the offense. The sentences under the eighth and ninth counts are void as being unauthorized. Section 5541, U. S. Rev. Stat. (Comp. St. § 10527); In re Bonner, Petitioner, 151 U. S. 243, 14 Sup. Ct. 323, 38 L. Ed. 149; Ex parte Karstendick, 93 U. S. 396, 23 L. Ed. 889. The section of the Revised Statutes referred to as construed by the Supreme Court of the United States only authorizes imprisonment in a penitentiary where the imprisonment is for a longer term than one year. However this defect becomes immaterial as we are of the opinion for reasons hereinbefore stated that the defendant committed but one offense, and that his sentences in excess of the five years imposed under the sixth count are void. See section 9 of the act (Comp. St. § 6287o).

The judgment below therefore is affirmed as to the sixth count, and the sentences on counts 7, 8, and 9 are reversed.