### RYAN et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. December 19, 1922.)

No. 3868.

1. Criminal law ⬳400(2)—Parol evidence of search warrant admissible on proof of its loss.

On proof that a search warrant was issued for certain premises, but has been lost, testimony of a prohibition agent that he made the search under such warrant and found liquor on the premises and in possession of defendants is admissible.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Intoxicating liquors ☜☞226—On charge of maintaining common nuisance, evidence of bad reputation of place is admissible.**

Under an indictment for maintaining a common nuisance, where liquor was unlawfully sold, evidence of the bad reputation of the place is admissible.

**3. Criminal law ☜☞1044—Objection that venue was not proved must be made in trial court.**

Where no motion for directed verdict was made by defendants, the judgment will not be reversed on the ground that proof of venue was insufficient.

**4. Intoxicating liquors ☜☞236(9)—Evidence held to sustain conviction for maintaining nuisance.**

Proof of the sale of liquor on premises on numerous occasions is sufficient to sustain a conviction for maintaining a common nuisance.

In Error to the District Court of the United States for the Southern District of Georgia; Beverly D. Evans, Judge.

Criminal prosecution by the United States against R. G. Ryan, W. D. Durden, and Ezekiel Doly. Judgment of conviction, and defendants bring error. Affirmed.

Thomas F. Walsh, Jr., of Savannah, Ga. (Francis P. McIntire and Morris H. Bernstein, both of Savannah, Ga., on the brief), for plaintiffs in error.

Charles E. Donnelly, Asst. U. S. Atty., of Savannah, Ga. (F. G. Boatright, U. S. Atty., of Cordele, Ga., on the brief), for the United States.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. This is a prosecution for maintaining a nuisance, and for the unlawful possession and sale of intoxicating liquors, in violation of the National Prohibition Act (41 Stat. 305). There were five indictments, which were consolidated by consent and in pursuance of section 1024 of the Revised Statutes (Comp. St. § 1690). There was a general verdict of guilty against all the defendants.

There was evidence to the effect that the defendant Durden occupied a three-story building, that he maintained a restaurant on the first floor, and a place where intoxicating liquors were stored and sold on the second floor, and lived on the third floor. The defendant Doly was employed by Durden as a waiter, and in that capacity frequently served drinks of intoxicating liquor on the second floor. A lease, admitted in evidence, named Durden as one of the lessees. It shows a subscribing witness to the signature of the lessor. There was no witness to the signatures of the lessees, and upon this ground objection was made to the lease as evidence. But the objection was overruled, and defendants excepted.

Upon proof that a search warrant had been obtained, but lost, the court permitted, over objection, a prohibition agent to testify that he made a search under authority of that warrant and found intoxicating liquor on the premises and in possession of the defendants. The reputation of the second floor of the premises kept by defendants as a place

☜☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

where intoxicating liquor was customarily sold was admitted, notwithstanding an objection that such evidence was immaterial. A number of witnesses located these premises at "16 East State street," without stating the name of the city. However, one of the witnesses testified that he was a stranger in Savannah, and while there had visited the premises at 16 East State street.

A motion has been filed to dismiss the writ of error as to the defendant Ryan, and it is granted. The assignments of error are based upon the admission of the foregoing evidence, and upon the refusal of the court to direct a verdict for defendants.

The lease was not offered as evidence of title, but only for the purpose of showing that the defendants occupied the premises described therein. However, if the lease was not admissible for that purpose, occupancy of the premises by defendants was otherwise shown.

[1] The liquor was seized some considerable time before the trial, and it does not appear that an application was made for its return. Assuming that the objection to the prohibition agent's testimony was timely made (Silverthorne v. United States, 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319), it was shown that a search warrant had been issued, but was lost. The evidence was therefore properly admitted.

[2] The defendants were all charged with maintaining a nuisance, and there was no error in permitting the government to prove that the reputation of the premises maintained by them was bad.

[3] It is insisted that the court should have directed a verdict for defendants upon the grounds that venue was not proven and that the evidence as to maintaining a nuisance was insufficient. The bill of exceptions shows that defendants did not move for a directed verdict in their favor. If such motion had been made, and the trial court had been in any doubt about proof of venue, additional evidence upon that subject undoubtedly could and would have been taken. However, we think venue was proved. It is perfectly apparent that the witness who visited the place of business conducted by the defendants upon his first trip to Savannah was speaking about a location in that city.

[4] Sales of intoxicating liquor on a number of occasions were shown to have been made upon the premises maintained by defendants. The evidence was therefore sufficient to show that these premises constituted a nuisance. Young v. United States (C. C. A.) 272 Fed. 967; Lewinsohn v. United States (C. C. A.) 278 Fed. 421.

The judgment is affirmed.