## MILLER v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 4, 1923.)

No. 4011.

1. **Poisons ⚖=9—Indictment for sale of narcotic drugs should state time and place and name of purchaser if known.**

    Counts in an indictment for selling or dispensing narcotic drugs, which did not state time or place of sale, or the persons to whom sold, or that they were unknown, *held* bad on demurrer.

2. **Indictment and information ⚖=110(4)—Following language of statute insufficient unless it indentifies specific offense.**

    It is not sufficient to charge an offense in the language of the statute unless the charge makes such statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.

3. **Criminal law ⚖=586, 1151—Refusal of continuance matter of discretion.**

    A motion for continuance is addressed largely to the discretion of the court, and this discretion will not be overruled, unless abused.

4. **Poisons ⚖=4—Refusal of registry not defense to charge of possessing narcotic drugs.**

    It is not a defense to a charge of possessing narcotic drugs without being registered under Harrison Narcotic Act, § 1 (Comp. St. § 6287g), that defendant applied for registry and tendered the tax, but registry was refused.

5. **Witnesses ⚖=337(3)—Defendant, testifying in criminal case, may be impeached.**

    After a defendant has testified as a witness in his own behalf, testimony as to reputation for veracity is admissible.

In Error to the District Court of the United States for the Jackson Division of the Southern District of Mississippi; Edwin R. Holmes, Judge.

Criminal prosecution by the United States against S. A. Miller. Judgment of conviction, and defendant brings error. Reversed in part.

W. H. Powell, of Canton, Miss. and S. D. Redmond, of Jackson, Miss. (R. H. Powell, of Canton, Miss., on the brief), for plaintiff in error.

E. E. Hindman, U. S. Atty., and Chalmers Potter, Asst. U. S. Atty., both of Jackson, Miss.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. The plaintiff in error (hereinafter called defendant) was indicted in the United States District Court for the Southern District of Mississippi, Jackson Division, for alleged violations of the Harrison Narcotic Act (Comp. St. §§ 6287g–6287q). The indictment contained seven counts. All of the counts except the fourth charged defendant with unlawfully selling, bartering, dispensing, exchanging, distributing, administering, or giving away a certain quantity of morphine, on a given date. Some of these counts charged the defendant with being a person required to be registered by said act and with not having registered. Others did not so allege.

None of these counts alleged any person to whom the sale was made,

⚖=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

nor is there any averment as to place, except that the sale was made within said district and division. The fourth count charged the defendant with unlawfully having in his possession and under his control on July 6, 1922, in the Jackson division of the Southern district of Mississippi, a quantity of morphine, being a derivative of opium, defendant not having registered and being a person required to register.

Defendant demurred to each count of the indictment severally on the grounds that said count (1) charged no crime against him; (2) that the allegations thereof were wholly insufficient in law; (3) that the same does not state the time and place, to whom, and the manner and circumstance under which the alleged acts were committed, sufficiently to put him on notice of the crime charged. The court overruled said demurrer, and the defendant was convicted and sentenced on each count of the indictment.

[1] 1. We think as to each count of said indictment except the fourth the demurrer should have been sustained on the third ground above stated. No person is alleged in these counts to whom it is charged that Miller sold, dispensed, or gave away any morphine, nor is it even alleged that it was sold, etc., to persons unknown. Nothing is charged which would have identified the sale intended to be here charged, as between several sales committed on the same date. These counts were challenged by a timely demurrer, which should have been sustained.

[2] It is not sufficient to charge an offense solely in the language of the statute, unless such charge makes such statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged, to the end that he may prepare his defense and plead the judgment as a bar to any subsequent prosecution for the same offense. United States v. Hess, 124 U. S. 483, 487, 8 Sup. Ct. 571, 31 L. Ed. 516; Larkin v. United States, 107 Fed. 697, 699, 46 C. C. A. 588; Fehringer v. People, 59 Colo. 3, 147 Pac. 361, 362. As to the fourth count, that was sufficient. It fully charges an unlawful possession of morphine, giving the time and place of such unlawful possession, by one not registered who was a person required to register. United States v. Jin Fuey Moy, 241 U. S. 394, 36 Sup. Ct. 658, 60 L. Ed. 1061, Ann. Cas. 1917D, 854.

[3] 2. The defendant moved for a continuance on the ground of the illness of S. D. Redmond, one of the defendant's counsel. This motion was overruled, and this is assigned as error. A motion for a continuance is addressed largely to the discretion of the court, and this discretion will not be overruled, unless abused. Redmond was in court at the time and able to remain throughout the trial. His appearance is noted, and an objection made by him to the course of the argument. No doctor's certificate as to Redmond's condition appears to have been offered in support of said motion. He was not the only counsel in said case. We cannot say that there was any abuse of discretion in refusing the continuance.

[4] 3. The evidence showed that defendant had applied to the proper United States officer for leave to register and had tendered the tax required and offered to register, and that the officer had refused to re-

'288 F.—52

ceive the money tendered for the tax, or to permit the defendant to register. Defendant urges that this is the equivalent of a payment of the tax and of registration and is a complete defense to the indictment. We do not think this refusal to accept defendant's money or permit him to register was the equivalent of registration. He knew he was not registered and had not paid the tax, and that he might have been improperly deprived of the right did not authorize him to violate the statute forbidding such possession of morphine by him.

[5] 4. Error was alleged as to the form of the question propounded several witnesses, offered to impeach defendant as a witness after he had testified, who testified that they knew defendant's reputation for truth and veracity in the community and would not believe him on oath, on the ground that said question did not ask if the witness knew defendant's general reputation. No such objection appears to have been made at the trial. The only objection stated was on the ground that defendant had not put his reputation in question. The testimony was offered only after the defendant had testified in the case and was offered to impeach his veracity as a witness. This objection is not now urged and would not be tenable.

5. As to the testimony of Aikin, the government inspector, it is unnecessary to decide if it showed a procurement of the defendant to violate the law by the government's officer. Even if the testimony indicated an entrapping of defendant into making a sale, which defendant would not otherwise have made, it was entirely competent on the issue of unlawful possession raised on the fourth count of the indictment. There is no suggestion that it occasioned the unlawful possession.

6. There is no proof that the $10 bills which Aikin gave to the defendant were retaken from him; but according to his own testimony, when told they were government money, he offered them back.

No exception was made to the charge of the court.

The judgment of the District Court imposed a sentence of five years' imprisonment under each of the seven counts of the indictment, providing that these imprisonments should be concurrent, to wit, five years in all.

In the opinion of this court, the demurrer as to counts 1, 2, 3, 5, 6, and 7 of the indictment, as above stated, should have been sustained, and as to these counts the judgment of the District Court is reversed. The demurrer to count 4 was properly overruled, and the verdict and judgment thereon should be, and is, affirmed.

Had the judgment been a single sentence of five years on all of the counts as an entirety, a single count being found good, the judgment as a whole, being within the sentence which could have been imposed on each count, would stand affirmed; but as the judgment imposes a separate sentence on each count, although running concurrently, the case is remanded for a reformation thereof, and the entry of a new judgment on count 4, and for such further proceedings in the case as are in conformity with this opinion.