### PENDLETON v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. May 25, 1923.)

No. 2043.

**Poisons ⬤⟜9—Indictment held not to state offense.**

 An indictment alleging accused was a practicing physician, and a person required to register under the Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q), and had morphine in his possession, although he had never registered, *held* to state no offense under Revenue Act Feb. 24, 1919, § 1006 (Comp. St. Ann. Supp. 1919, § 6287g), or Harrison Anti-Narcotic Act; the latter statute not penalizing the mere possession of narcotics, and a practicing physician not being required to register, unless he dispenses narcotics.

In Error to the District Court of the United States for the Northern District of West Virginia, at Elkins; William E. Baker, Judge.

Edward R. Pendleton was convicted of violating the Harrison Anti-Narcotic Act, and brings error. Reversed.

R. E. Byrd, of Richmond, Va., and James W. Robinson, of Clarksburg, W. Va., for plaintiff in error.

W. C. Grimes, Asst. U. S. Atty., of Keyser, W. Va. (T. A. Brown, U. S. Atty., of Parkersburg, W. Va., on the brief), for the United States.

Before WOODS and ROSE, Circuit Judges, and McCLINTIC, District Judge.

ROSE, Circuit Judge. The plaintiff in error was defendant below and will be so styled here. He was tried upon an indictment contain-

---

ing three counts. He was acquitted upon the two which charged illegal sale of narcotic drugs. The one upon which he was convicted in substance alleged that, while he was a practicing physician and a person required to register under the Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q), he had in his possession 2.31 grains of morphine, although he had never registered. Quite clearly, this count charged no offense. It did not attempt to set up any violation of sections 1006 et seq. of the Revenue Act of February 24, 1919, 40 Stat. 1130 (Comp. St. Ann. Supp. 1919, § 6287g). It was obviously drawn under the original Anti-Narcotic Act (38 Stat. 785), which the Supreme Court years ago held did not penalize the mere possession of narcotics. U. S. v. Jin Fuey Moy, 241 U. S. 394, 36 Sup. Ct. 658, 60 L. Ed. 1061, Ann. Cas. 1917D, 854.

The count gains no added strength from the allegation that the defendant was a practicing physician. As such, he was not required to register unless he dispensed narcotics. There is nothing in the record to show that he did.

It follows that the judgment below must be reversed.