## JOHNSON v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.   January 21, 1924.)

No. 4077.

1. **Indictment and information** ⬧108—**Prosecution regarded as under an original act, notwithstanding reference to amendment, in absence of allegations bringing the prosecution within the purview of the amendment.**

In a prosecution for possession of narcotics, in which the indictment charged that defendants violated the requirements of Act Dec. 17, 1914, as amended by Act Feb. 24, 1919, but did not charge a single fact necessary to bring the case within the purview of the amendment, the rulings of the court must stand or fall under the original act; the prosecution not being aided by the reference in the indictment to the amendment.

2. **Poisons** ⬧4—**Possession of narcotics a crime under the act of 1914 only if the person was required to register and pay tax.**

Act Dec. 17, 1914, § 8 (Comp. St. § 6287n), making it unlawful for "any person not registered under the provisions of this act, and who has not paid the special tax provided for by this act, to have in his possession or under his control any of the aforesaid drugs," held applicable to only such persons as are required to register under section 1 (Comp. St. § 6287g), requiring every person who produces, imports, manufactures, compounds, deals in, dispenses, sells, distributes, or gives away specified narcotics to register with the collector of internal revenue and pay a specified tax.

3. **Indictment and information** ⬧63—**Charging possession of narcotics without registration or payment of tax held mere conclusion, for failure to allege facts showing defendants within a class required to register.**

Indictment alleging that defendants were persons who were required to register and pay a tax under Act Dec. 17, 1914 (Comp. St. §§ 6287g–6287q), and that they had possession of described narcotics without registration or payment of tax, in violation of such statute, held defective for failure to allege facts showing that the defendants belonged to a class required to register under section 1, since the averment that they were persons required to register was insufficient, being indefinite as to the particular charge, and being a mere conclusion of law.

4. **Indictment and information** ⬧63—**Indictment charging crime, which can only be committed by a particular class, should show by direct averment that defendant belonged thereto.**

Where a crime can only be committed by a particular class, the indictment should show on its face that the defendant belonged to that class by direct averment, not as a mere conclusion of law.

In Error to the District Court of the United States for the First Division of the Northern District of California; John S. Partridge, Judge.

Gustave Johnson was convicted of having possession of narcotics without registration and payment of tax, and he brings error. Reversed and remanded, with instructions.

The indictment in this case charges that the defendants Johnson and Croxall violated the requirements of the Act of December 17, 1914, as amended by the Act of February 24, 1919, "in that they did knowingly, willfully, unlawfully, and feloniously have in their possession a certain preparation and derivative of opium, to wit, one can morphine and one finger stall containing approximately a total of 194 grains of morphine, said defendants then and there being persons required to register and pay a tax under the provisions of the act aforesaid as amended, and said defendants not then and

there having registered under the provisions of the said act, and not then and there having paid the special tax provided for by the aforesaid act on the said morphine."

Section 8 of the Act of December 17, 1914, provides "that it shall be unlawful for any person not registered under the provisions of this act, and who has not paid the special tax provided for by this act, to have in his possession or under his control any of the aforesaid drugs; and such possession or control shall be presumptive evidence of a violation of this section, and also of a violation of  *  *  *  section 1 of this act." 38 Stat. 789 (Comp. St. § 6287n).

The defendant Croxall entered a plea of guilty. The defendant Johnson interposed a demurrer to the indictment, on the ground that it failed to state facts sufficient to constitute a crime against the United States and on the ground of uncertainty. The demurrer was overruled and an exception was allowed. At the close of the testimony the defendant requested the court to charge the jury as follows:

"You are instructed that, if you find from the evidence the defendant, Gustave Johnson, was merely a consumer, a user or an addict to the use of narcotics, and had the narcotics mentioned in the indictment in his possession for his own use, and did not import, manufacture, produce, compound, sell, deal in, dispense, or give away opium or cocoa leaves, or any compound, manufacture, salt, derivative, or preparation thereof, then he was a person not required to register under the provisions of the act and you must return a verdict of not guilty."

The court refused to give this request and charged the jury as follows:

"The statute under which this indictment is brought makes it a crime for any person to have morphine in his possession, except certain persons who have registered and paid the tax. The statute also provides that the possession of morphine is prima facie evidence that he has not registered and has not paid the tax. Therefore, if the government has established to your satisfaction that the defendant did have this morphine in his possession, then it was incumbent upon the defendant to overcome that prima facie showing by proving that he had registered and paid the tax. He has offered no such evidence in this case, and there is no pretense of any such thing."

The jury returned a verdict of guilty as charged, and the case is now before us on writ of error.

Edward A. O'Dea, of San Francisco, Cal., for plaintiff in error.

John T. Williams, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge (after stating the facts as above). [1, 2] The objections to the indictment and the objections to the charge of the court present the same questions in some of their aspects, but we will first take up the objections to the charge. We may say at the outstart that the prosecution is not aided in any way by the reference in the indictment to the amendment of 1919 (40 Stat. 1057), because the indictment itself does not charge a single fact necessary to bring the case within the purview of that amendment. Pendleton v. U. S. (C. C. A.) 290 Fed. 388. The rulings of the court below must therefore stand or fall under the provisions of section 8 of the original act.

In the case of U. S. v. Jin Fuey Moy, 241 U. S. 394, 36 Sup. Ct. 658, 60 L. Ed. 1061, Ann. Cas. 1917D, 854, the court held that that section does not mean all that it says, taking its words in their plain literal sense; that the term "any person" means any person required

to register under section 1 of the act (Comp. St. § 6287g), not any person within the United States, and that the mere possession of narcotics without registration is not a crime, unless the possessor is required to register under the law. In other words, there are three elements in the crime defined by section 8 as construed by the Supreme Court: First, it must appear that the defendant imported, manufactured, produced, compounded, sold, dealt in, dispensed, or gave away narcotic drugs, or engaged in some of these activities; second, it must appear that he failed to register and pay the special tax; and, lastly, it must appear that he possessed narcotics. True, possession alone is prima facie evidence of a violation of both sections 1 and 8 of the act; but this is a rule of evidence, and not a rule of pleading. The charge of the court eliminated the first element of the crime entirely, as the jury was instructed that possession by an unregistered person is a crime, regardless of whether he was required to register or not. For reasons already stated, this instruction is in direct conflict with the decision of the Supreme Court in the Jin Fuey Moy Case. The instruction requested by the plaintiff in error or one of similar import should have been given.

[3] In view of a retrial of the case it becomes necessary to pass upon the sufficiency of the indictment. For reasons already stated, the indictment is defective, unless the general averment that the plaintiff in error was a person required to register is equivalent to an averment that he imported, manufactured, produced, compounded, sold, dealt in, dispensed, or gave away narcotic drugs, or engaged in some such activities, and, in our opinion, it is not, for two reasons: First, such an indictment gives no information whatever to the defendant as to the particular nature of the charge against him. He is required to register if he does any one of eight different things having little or no connection with each other. In other words, he cannot know whether he is charged with producing opium or dispensing cocaine. It would seem on general principles that such an indictment is fatally defective. Thus, in Bartlett v. U. S., 106 Fed. 884, 46 C. C. A. 19, it was held by this court that an indictment charging that a bankrupt falsely omitted certain of his property from his schedules is defective, unless it goes further and alleges that he had other property and describes the property omitted. In State v. Roberts, 22 Wash. 1, 60 Pac. 65, the information charged that the defendant made oath that he was not directly or indirectly interested in any bet or wager, on the result of an election, whereas, in truth and in fact, he was directly interested in a certain bet and wager, on the result of such an election. In holding the information bad, the court said:

"The defendant is not informed in the indictment where it was that he made the wager, when it was that he made the wager, or with whom he made the wager, or how he was interested in a certain undescribed bet or wager, on the result of said election. He might have been falsely accused of making a bet with Smith or Jones or Brown, and he had a right to know; not, it is true, what the evidentiary matter relied upon by the state was, but sufficient of the circumstances of the case concerning the crime with which he was charged to understandingly prepare to defend himself."

ᐟ· [4] Again, the averment that the plaintiff in error was a person required to register is a naked conclusion of law at best. If he did certain things, or engaged in certain activities, he was required to register as a matter of law; and, if he did none of these things, he was not. As we have already seen, the court below was of opinion that no person can possess narcotics lawfully without registration, and it would be going a long way indeed to presume that the grand jury did not fall into the same error. The question of the sufficiency of a similar indictment was reserved by this court in Bacigalupi v. U. S. (C. C. A.) 274 Fed. 367. In Pendleton v. U. S., supra, it was held that a like indictment was defective. A contrary ruling seems to have been made without discussion in Miller v. U. S. (C. C. A.) 288 Fed. 816. But it would seem upon principle, as well as upon authority, that where a crime can only be committed by a particular class of persons, the indictment should show upon its face that the defendant belonged to that class, by direct averment, not as a mere conclusion of law; for example, it would not be sufficient, in an indictment for illegal voting, to charge that the defendant was not a qualified voter, without setting forth the grounds of disqualification. Quinn v. State, 35 Ind. 485, 9 Am. Rep. 754. So in a prosecution for failure to register under the Selective Service Act (Comp. St. §§ 2044a–2044k) we apprehend it would not be sufficient to charge that the defendant was required to register. The indictment or information should go further, and show that he was one of the particular class mentioned in the statute.

For these reasons, the judgment is reversed, and the cause is remanded to the court below, with instructions to sustain the demurrer.