## LEWIS v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 18, 1924.)

No. 4071.

1. **Poisons** ⊙⇒9—**Evidence held insufficient to show dealing in narcotics.**

In a prosecution for violating Harrison Narcotic Act (Comp. St. § 6287g et seq.), evidence *held* insufficient to show that accused was engaged in the business of selling narcotics, or that he handed any drug to prosecuting witness.

2. **Poisons** ⊙⇒4—**Possession of narcotics not punishable, unless accused required to register.**

Mere possession of narcotics is not punishable under Harrison Narcotic Act (Comp. St. § 6287g et seq.), unless accused belongs to the class of persons required by section 1 to be registered and to pay a special tax.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

Clarence E. Lewis was convicted of illegally dealing in and distributing narcotics, and he brings error. Reversed.

Cooper, Collings & Shreve, of Los Angeles, Cal., for appellant.

Joseph C. Burke, U. S. Atty., and Robert B. Camarillo and Mack Meader, Asst. U. S. Attys., all of Los Angeles, Cal.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. Writ of error to review a judgment of conviction under the Harrison Narcotic Act (38 Stat. 785, 789, as amended December 17, 1914; Comp. St. § 6287g et seq.). The count of the indictment under which conviction was had charged that defendant did deal in and distribute certain narcotics, to wit, one ounce of cocaine and two packages containing morphine sulphate, without having registered and paid the special tax as required by section 1 of the act of Congress; defendant being a person required to register and pay the special tax under the act referred to. Defendant was acquitted under count 2, which charged the sale of certain derivatives of coca leaves and opium.

[1] Defendant's contention is that the verdict is against the law and the evidence. The case of the prosecution was as follows: One Morris advised a police officer that he knew where he could buy opium and offered his services in apprehending the defendant in the sale of narcotics. Morris and the policeman agreed to meet in the vicinity of the defendant's house, and before starting on the expedition the policeman and others took the numbers of some bills which Morris had on his person. Morris met the defendant, and the two were seen walking through streets and alleys, and then going into the back yard of the defendant's house. The policeman and the others were on the outside of the fence surrounding the yard, and could see Morris and defendant talking, but could not hear what was said. One of the policemen saw the defendant toss a box or package, afterward

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

identified as containing two packages of narcotics, onto the porch of the house adjoining defendant's, whereupon the officer at once picked up the package and arrested defendant. Thereafter the policeman went into a room in the defendant's house, and upon a search of defendant's trunk found a piece of an opium pipe and some cans of opium. The money, which had been identified before starting on the expedition, was still in the hands of Morris when defendant was arrested.

No witness saw any money pass from Morris to the defendant. Morris was not called as a witness. The defendant testified that he kept a pool hall and cigar stand, denied any sale of narcotics, denied ownership of the package found by the officer, and denied that Morris had given him any money in connection with any sale of narcotics.

[2] In United States v. Jin Fuey Moy, 241 U. S. 394, 36 Sup. Ct. 658, 60 L. Ed. 1061, Ann. Cas. 1917D, 854, the Supreme Court held that any person not registered under section 8 of the act heretofore referred to cannot be taken to mean any person in the United States, "but must be taken to refer to the class with which the statute undertakes to deal—the persons who are required to register by section 1." It must therefore follow that, unless the defendant is one of the class required to register by section 1, such possession or control of narcotics is not made presumptive evidence of a violation of section 8 and of section 1.

By section 1 the persons (with certain exceptions) required to register are those who produce, import, manufacture, compound, deal in, dispense, sell, distribute, or give away opium or coca leaves, or any derivatives or preparation thereof. The evidence fails to show that this defendant dealt in or distributed the drugs. There is no evidence that he was in the business of selling narcotics, or that he handed any drug to Morris, or attempted to do so. No one heard him negotiating or bargaining in respect to any drug, and it is not contended by the prosecution that the defendant received any money from Morris. He may have been addicted to the use of opium, and may have had possession of a quantity of the drugs; but, unless he was one of the class required to register, mere possession would not subject him to the penalties provided for violating section 1 of the statute. United States v. Jin Fuey Moy, supra; Johnson v. United States, 294 Fed. 753, decided January 21, 1924.

We are therefore of the opinion that the verdict is not supported by the evidence, and that the judgment should be reversed.

Reversed.