## ZAHADEIRES v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 26, 1924. Rehearing Denied June 30, 1924.)

No. 4120.

1. **Poisons ⬯4—Possession of narcotics by person not required to register held no crime.**

 The mere possession of narcotics by a person not registered is not a crime, under Anti-Narcotic Act, § 8 (Comp. St. § 6287n), unless the possessor is required to register under the law.

2. **Criminal law ⬯1167(2)—Conviction not reversible when sentence is warranted by good counts.**

 The insufficiency of some of the counts on which a defendant was convicted is not ground for reversal, where the sentence imposed is within that authorized on the good counts.

In Error to the District Court of the United States for the First Division of the Northern District of California; Robert S. Bean, Judge.

Criminal prosecution by the United States against Nickolaos D. Zahadeires. Judgment of conviction, and defendant brings error. Affirmed.

Raymond Perry, of San Francisco, Cal., for plaintiff in error.

John T. Williams, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and MORROW, Circuit Judges.

MORROW, Circuit Judge. Plaintiff in error, defendant below, was indicted for having violated the Harrison Anti-Narcotic Act of December 17, 1914, 38 Stat. 785, 789, as amended by Act of February 24, 1919 (Comp. St. Ann. Supp. 1919, § 6287g et seq.; 40 Stat. 1131). The act levies a tax upon narcotics, such as morphine and cocaine, and requires that packages containing these drugs shall bear a stamp evidencing the payment of the tax, and it is a crime for any person to purchase, deal in, or distribute the drugs, except in the original stamped package or from the original stamped package. The act also provides that every dealer in these drugs shall register with the collector of internal revenue of the district where he resides and pay the government tax, and it is a crime for any person to sell, distribute, or deal in the drugs without registering.

Defendant was indicted in four counts. The first count charges that Nickolaos D. Zahadeires did unlawfully and feloniously purchase, sell, dispense, and distribute a certain derivative of coca leaves, to wit, one bindle of cocaine hydrochloride, containing 36 grains, which

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

said cocaine hydrochloride was not then and there in nor from the original stamped packages. The second count in like language charges that defendant purchased, sold, and distributed a quantity of morphine, not from the original stamped package. The third count charges that on the same day defendant had in his possession a considerable quantity of cocaine, and that he had not registered with the collector of internal revenue as required by law. The fourth count charges that defendant had in his possession a quantity of morphine, and that he had not registered.

Defendant was tried and found guilty, and sentenced by the court to be imprisoned for a term of three years. It does not appear from the record that defendant made a motion for an instructed verdict of not guilty on any count, nor did he ask for any instruction which was refused, nor did he except to the court's charge to the jury, and no motion was made to return the property seized to the defendant.

The evidence tends to show that J. E. Brown, a federal narcotic agent, saw defendant on September 16, 1922. Brown and two other inspectors, Roberts and Elliott, had made arrangements with two informants to make a purchase of morphine and cocaine from the defendant. They prepared $3 as marked money and gave it to the informants. The informants then went to their room, No. 8, at the River Shannon Hotel, 356 Third street. Two of the inspectors went to an adjoining rooming house, and there secreted themselves in a room opposite the room No. 8 in the River Shannon Hotel, the room occupied by the informant. There is a light well between the two buildings at a distance of 3 feet. It was prearranged with the informants to have the window shades so that the inspectors could see what was going on in the room. The informants went to the room, gave the inspectors time to get the place arranged, and in a few minutes the defendant came in and received the $3 from one of the informants. Thereupon the defendant left the room, and two of the inspectors stepped from the window of the adjoining house to the room. In a few minutes the defendant came in. He was arrested and searched, and in his pocket was found a little pasteboard box containing one bindle of morphine and one bindle of cocaine, and also the $3 in marked money, which were produced and identified. Thereupon other narcotics were found in other rooms of the hotel, which appears to have been kept by defendant.

It appears that about that time the inspectors turned over to one Roberts some money which had been found, and that the defendant was asked how long he had been engaged in dealing in narcotics, and he answered, "Several months." A little later, in a conversation between the defendant and Roberts, Brown and Elliott being present, the defendant said, among other things, that he was in a position to give much valuable information as to how these narcotics came into his possession; that he would make an appointment and put the agents in touch with the men who landed these narcotics in the fishing boats from the larger ships as they came in. The marked money was introduced in evidence without objection. The box containing one bindle of morphine and one bindle of cocaine was also introduced in evidence without objection.

Defendant contends that the sale was not proven. This was a question of fact, submitted to the jury and found adversely to the defendant. The evidence and the legitimate inferences to be drawn therefrom were sufficient to sustain the verdict. The defendant did not move for a directed verdict, and did not request any instructions involving the sufficiency of the evidence to sustain the verdict.

[1] In our opinion the third and fourth counts do not state facts sufficient to charge an offense under the statute. United States v. Jin Fuey Moy, 241 U. S. 394, 402, 36 Sup. Ct. 658, 60 L. Ed. 1061, Ann. Cas. 1917D, 854; Johnson v. United States (C. C. A.) 294 Fed. 753, 755; Lewis v. United States (C. C. A.) 295 Fed. 678, 679. This is practically conceded by the attorney for the United States. The first and second counts state facts sufficient to charge offenses under the statute, and the evidence is sufficient to sustain the verdict upon both counts.

The penalty prescribed by the statute is that any person who violates or fails to comply with any of the requirements of the act shall, on conviction, be fined not more than $2,000, or be imprisoned not more than five years, or both, in the discretion of the court. Section 9, Act of December 17, 1914 (38 Stat. 785 [Comp. St. § 6287o]). The sentence of the court was that the defendant be imprisoned for the period of three years, which was within the limit of the penalty for the offense charged in either the first or second count.

[2] The insufficiency of the third and fourth counts of the indictment does not warrant a reversal on that account, since the sentence imposed upon the defendant did not exceed that which lawfully might have been imposed upon the first count. Claassen v. United States, 142 U. S. 140, 146, 12 Sup. Ct. 169, 35 L. Ed. 966; Pierce v. United States, 252 U. S. 239, 252, 40 Sup. Ct. 205, 64 L. Ed. 542.

The judgment of the District Court is affirmed.