## CASEY v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
June 27, 1927.

Rehearing Denied August 1, 1927.

No. 5104.

1. **Criminal law** ⊂⇒970(7)—**Count charging defendant, without registering, did "manufacture, produce, compound, sell, deal in, dispense, distribute, administer, and give away morphine," held sufficient on motion in arrest.**

Count charging that defendant, without having registered or paid tax, did knowingly and feloniously "manufacture, produce, compound, sell, deal in, dispense, distribute, administer, and give away morphine," *held* sufficient as against a motion in arrest of judgment, though blanket form was not approved.

2. **Indictment and information** ⊂⇒109—**Inclusion in charge of all acts denounced by statute, though unwarranted by evidence, is not approved, but does not make pleading defective.**

The practice of including in a charge all acts denounced by statute, even though it is known that the evidence will have no tendency to support some of them, is not approved, though such form of pleading is not fatally defective.

3. **Poisons** ⊂⇒9—**Charge of dealing in morphine without registering or paying tax held sufficient, without express averment of duty to register and pay tax.**

Charge that defendant, without having registered or paid special tax required, did manufacture, produce, compound, sell, deal in, dispense, etc., morphine, *held* sufficient, without express averment that defendant was a person of whom registration and payment of tax was required.

4. **Criminal law** ⊂⇒323—**Statutory presumption from possession of drug extends to venue or place of purchase (Comp. St. Supp. 1925, § 6287g).**

Presumption, under Comp. St. Supp. 1925, § 6287g, arising from defendant's possession of drug not in original stamped package, extends to venue or place of purchase, as well as to substantive fact of purchase.

5. **Criminal law** ⊂⇒1036(8)—**Failure of government to prove venue must have been brought to trial court's attention, to be ground for complaint.**

Failure of government to prove venue must have been specifically brought to trial court's attention to be available for ground of complaint on appeal.

6. **Criminal law** ⊂⇒369(15)—**Testimony relating to acts unconnected with sale of morphine specifically alleged held admissible to show that defendant was person dispensing narcotics and required to register.**

In prosecution for purchase of morphine not in original stamped package, and for dispensing morphine without having registered or paid special tax, testimony relating to acts or circumstances not connected with particular sale alleged *held* admissible to show a dealing in and dispensing of narcotics, and also to show that defendant was a person required to register.

7. **Criminal law** ⊂⇒942(1)—**Denial of new trial on ground of newly discovered evidence affecting credibility of government witness held not abuse of discretion.**

In prosecution for unlawful purchase and dispensing of morphine without having registered or paid special tax, denial of new trial on ground of newly discovered evidence affecting character and credibility of one of government's witnesses, and tending to show false testimony, *held* not abuse of discretion; such false testimony being relevant only to incidental and collateral matter.

8. **Criminal law** ⊂⇒911—**Grant or refusal of new trial is generally within discretion of trial court.**

Generally granting or refusing of a new trial is within the discretion of the trial court.

9. **Criminal law** ⊂⇒938(1)—**New trials for newly discovered evidence are not favored.**

New trials on ground of newly discovered evidence are not generally favored.

10. **Criminal law** ⊂⇒857(2)—**Alleged misconduct of juror in argument concerning handwriting claimed by government to be defendant's held not ground for new trial.**

Alleged misconduct of juror in stating that both he and defendant had attended a private school, where a particular system of penmanship was taught, and that because of handwriting he was convinced that defendant wrote certain words on wrapper of laundry package, in which government contended that defendant had smuggled narcotics to prisoners in county jail, *held* not ground for new trial.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington.

Thomas J. Casey was convicted of purchasing morphine not in original stamped package and of dispensing morphine without having registered or paid tax required by law, and he brings error. Affirmed.

John T. Casey, of Seattle, Wash., and William F. Herron, of San Francisco, Cal., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., and Paul D. Coles and Anthony Savage, Asst. U. S. Attys., all of Seattle, Wash.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. Defendant (plaintiff in error) was adjudged guilty upon both counts of an indictment charging him (1) with the purchase of 3.4 grains morphine not in the original stamped package; and (2) with having dispensed morphine without having registered or paid the special tax as re-

quired by law, venue of both charges, Seattle, Wash., and time of both, December 31, 1925. The sentences were the same on both counts, the terms of imprisonment to run concurrently.

The sufficiency of the first count is not seriously challenged. One of the clauses is grammatically misplaced, but the meaning is so obvious that to quash upon that ground would be a pure legalism. The question of the constitutionality of the Harrison Narcotic Act is raised only for procedural purposes, and properly counsel refrain from urging reconsideration of it here.

[1] Count II is assailed as "purely a blanket charge." It sets forth that on December 31, 1925, at the city of Seattle, defendant, without having registered or paid the special tax as required and imposed by law, did knowingly and feloniously "manufacture, produce, compound, sell, deal in, dispense, distribute, administer, and give away morphine." There is no averment of the amount of the drug or of the persons to whom it was dispensed.

[2] While we are unable to approve the practice of including in a charge all the acts denounced by the statute, where it is known the evidence will have no tendency to support some of them, it is well settled that such a form of pleading is not fatally defective. Here there probably never was any thought of attempting to prove that defendant manufactured or produced or compounded, but we are unable to see how the inclusion of these terms was prejudicial. In one aspect, the failure to allege the amount of the drug or the identity of the persons to whom dispensed would seem to be more serious. But, as bearing upon both the charge and certain evidence, to which defendant objected, adduced in support thereof, it is to be borne in mind that the offense denounced by the statute may be and often is evidenced, not by a single act, but by a series of acts of the same character. To prove that a defendant is dealing in, dispensing, or distributing morphine, the government may show few or many transactions in which he has sold or furnished the drug. In such a case it might be impracticable, and certainly not necessary, to plead the details of such transactions, for after all they are but evidence of the ultimate fact to be found.

In no way did the defendant here challenge the indictment until after verdict, and as against a motion in arrest of judgment it is plainly invulnerable. Had he complained before trial that, in view of the generality of the charge he could not intelligently or safely prepare his defense, it is to be presumed that upon seasonable application the court would

have ordered a reasonably certain bill of particulars. See Stubbs v. United States (C. C. A.) 1 F.(2d) 837, where we affirmed a judgment upon a similar charge, a bill of particulars having been sought and secured.

Defendant relies mainly upon Miller v. United States (C. C. A.) 288 F. 816, and Johnson v. United States (C. C. A.) 294 F. 753, the latter decided by this court. In both cases the indictment was assailed by demurrer, for uncertainty as well as insufficiency. In the former the first ground was sustained, but the second apparently overruled. In the Johnson Case the charge was not the same as here and presented somewhat different considerations.

[3] As to the point that there is no express averment that defendant was a person of whom registration and payment of tax is required, the necessary implication of the allegations is that he was within such class. We so held in Bacigalupi v. United States (C. C. A.) 274 F. 367. Upon the second count the evidence, though conflicting, is ample to support the verdict.

[4] As to the first count, to establish the charge of purchase the government relied upon evidence of possession by the defendant of the drug not in the original stamped package, together with the declaration of the statute (Comp. St. Supp. 1925, § 6287g) that "the absence of appropriate tax-paid stamps * * * shall be prima facie evidence of a violation of this section by the person in whose possession same may be found." There was no other evidence of the place of purchase, and arguing that the statutory presumption does not extend to venue, defendant contends the proof was vitally defective. Considering a similar charge in the case of Ng Sing et al. v. United States, 8 F.(2d) 919, we said: "The plaintiffs in error are therefore subject to the presumption arising from possession under the amendment of 1919, and the presumption alone would carry the case to the jury." But possibly the precise point was not there raised.

While defendant's contention is not without support in the decided cases (see Brightman v. United States [C. C. A.] 7 F.[2d] 532; Cain v. United States [C. C. A.] 12 F. [2d] 580; and De Moss v. United States [C. C. A.] 14 F.[2d] 1021), to grant it would seem to rob the statute of all efficacy. If, independently of the statutory presumption, the government must affirmatively prove the place of purchase, it must also by like evidence prove the substantive fact of purchase, for how the place of purchase can be established without at the same time proving the

purchase is not apparent. Fairly construed, the statute in our opinion extends the presumption to the incidental matter of place, as well as the substantive matter of purchase. [5] But, aside from that consideration, the record fails to show that the question was raised in the lower court. True, the bill of exceptions recites that defendant "challenged the sufficiency of the evidence and requested the court to instruct the jury" to acquit, but on what grounds is not disclosed. Proof of venue is often easily supplied, and both upon reason and authority it is thought that to make such an assignment available the attention of the trial court must be specifically directed to the defect. Ryan v. United States (C. C. A.) 285 F. 734; Jianole v. United States (C. C. A.) 299 F. 496.

[6] The several assignments involving the reception of evidence, may be summarily disposed of. Some of them are trivial and so clearly devoid of merit that comment is unnecessary. The only ones seriously argued cover testimony relating to acts and circumstances which it is contended are unconnected with the alleged sale on December 31st, and relate to offenses not charged; but all of it directly or indirectly tended to show that on December 31st defendant was dealing in and dispensing narcotics, and also that defendant was a person required to register; hence, it was relevant. Stubbs v. United States (C. C. A.) 1 F.(2d) 837; Braden v. United States (C. C. A.) 270 F. 441.

[7-9] One of the grounds upon which defendant moved for a new trial was newly discovered evidence, supported by numerous affidavits which in the main assail the character and credibility of one of the government witnesses and tend to show that she was untruthful in some of the testimony she gave. Generally the granting or refusing of a new trial is within the discretion of the court; and new trials upon this ground are not favored. Under the circumstances, defendant must have known or had good reason to anticipate that this witness would testify for the government, but there is no showing at all of diligence. The alleged false testimony was brought out on cross-examination as to matters purely incidental and collateral. Upon the whole, while the showing against the credibility of the witness is persuasive, we cannot say that there was an abuse of discretion in denying the motion upon this ground.

[10] Another ground relied upon for a new trial was alleged misconduct of the jury. Specifically, as shown by the affidavits of some of the jurors, the question having arisen in the jury room whether or not defendant wrote certain words upon the wrapper of a laundry package in which the government contended defendant smuggled narcotics to prisoners in the county jail, one of the jurors stated that both he and defendant had attended a private school, where the system of penmanship taught was the same as that exemplified in the disputed words, and that he was convinced defendant wrote them. That a writing is in the hand of a defendant, because it conforms to the system of penmanship he and many other persons have been taught, is such an irrational conclusion that it is beyond belief intelligent men would be greatly influenced thereby. It must be, too, that in their deliberations jurors more or less generally recall experiences in their own lives, and if new trials were commonly granted for such a reason there would be no end to litigation.

The judgment is affirmed.

RUDKIN, Circuit Judge (concurring). The concurrent judgment is supported by the second count alone, and for that reason I express no opinion as to the sufficiency of the evidence to support the verdict on the first count. I agree with Judge DIETRICH that the cases holding that the presumption arising from possession does not extend to the venue would seem to rob the statute of its efficacy; but, inasmuch as the courts of two circuits have so ruled, I think the question should be reserved until it becomes necessary to a decision of some case properly before us.