## UNITED STATES v. JIN FUEY MOY.

(District Court, W. D. Pennsylvania. May 12, 1915.)

### No. 6.

CONSPIRACY ⊂⊃ 13—INDICTMENT—SUFFICIENCY.

Under Revenue Act Dec. 17, 1914, c. 1, 38 Stat. 785, § 1, requiring all persons who produce, import, manufacture, compound, deal in, dispense, sell, distribute, or give away opium to register and pay an annual tax, and making it unlawful for any person, so required to register, to do any such act with opium without having registered and paid the tax; section 2, making it unlawful for any person to sell, barter, exchange, or give away the drug, except on an order, in a prescribed form, of the person receiving it, with an exception in favor of the dispensing of the drug to a patient by a physician registered under the act, and by a dealer to a consumer on the prescription of a physician so registered; and section 8, declaring it unlawful for any "person" not registered under the act, and who has not paid said tax, to have in his possession any of said drug, and declaring such possession presumptive evidence of a violation of said sections 8 and 1, with an exception in favor of possession of any of the drug which has been prescribed in good faith by a physician so registered—an indictment charging defendant with conspiring with M. to have a dram of opium in the possession and under the control of M., and as the overt act charging that defendant issued to M. a prescription therefor, in bad faith, knowing it was not given for medical purposes, but for supplying one addicted to the use of opium, is insufficient; the unlawful thing charged consisting in having the drug in the possession and under the control of M., the word "person," in section 8, referring only to those required by the act to register and pay the tax, and it not being alleged

---

M. had the drug in his possession for any of the purposes for which he would have to register and pay the tax.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 79, 80, 84–99; Dec. Dig. ☞43.

For other definitions, see Words and Phrases, First and Second Series, Person.]

Jin Fuey Moy was indicted for conspiring to commit a crime under Act Dec. 17, 1914, c. 1, 38 Stat. 785. Indictment quashed.

E. Lowry Humes, U. S. Atty., of Pittsburgh, Pa.

N. S. Williams and W. S. McDowell, both of Pittsburgh, Pa., for defendant.

THOMSON, District Judge. This is a revenue act; and unless it is such, save as to those provisions which relate to the transportation of drugs in interstate commerce, it would perhaps violate the provisions of the Constitution of the United States.

The first section of the act requires that all persons who produce, import, manufacture, compound, deal in, dispense, sell, distribute, or give away opium or coca leaves, or any compound, manufacture, salt, derivative, or preparation thereof, shall register and pay an annual tax of $1 to the government. The act also makes it unlawful for any person required to register under the terms of the act to produce, import, manufacture, compound, deal in, dispense, sell, distribute, or give away any of the aforesaid drugs, without having registered and paid the special tax. The second section makes it unlawful for any person to sell, barter, exchange, or give away any of the aforesaid drugs, except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Commissioner of Internal Revenue.

The act definitely excepts from the provisions of section 2 the dispensing or distribution of any of the aforesaid drugs to a patient by a physician, dentist, or veterinary surgeon registered under this act in the course of his professional practice, and also to the sale, dispensing, or distribution of any of the aforesaid drugs by a dealer to a consumer under and in pursuance of a written prescription issued by a physician, dentist, or veterinary surgeon registered under the act. There are also other exceptions to the provisions of section 2.

The indictment in question is drawn under the provisions of section 8 of this act, and the particular portion of the section on which the government relies to sustain the illegality of the possession by Martin is as follows:

"That it shall be unlawful for any person not registered under the provisions of this act, and who has not paid the special tax provided for by this act, to have in his possession or under his control any of the aforesaid drugs; and such possession or control shall be presumptive evidence of a violation of this section, and also of a violation of the provisions of section 1 of this act."

There is a provision in this section that the section shall not apply—

"to the possession of any of the aforesaid drugs which has or have been prescribed in good faith by a physician, dentist, or veterinary surgeon registered under this act."

Turning to the indictment itself, we see that the defendant is charged as follows: With unlawfully, willfully, knowingly, fraudulently, and feloniously conspiring and agreeing with Willie Martin and divers persons to the grand jurors unknown to commit an offense against the United States, to wit, to unlawfully and feloniously have in the possession and under the control of the said Willie Martin opium and compounds and salts and derivatives and preparations thereof, to wit, one dram of morphine sulphate. There are ten counts in the indictment, all charging the offense of conspiracy in the same general way. The overt act set forth in the indictment consists in issuing to the said Willie Martin a written prescription for one dram of morphine sulphate, and that he, the said defendant, did not issue said prescription in good faith; that is to say, that he then and there well knew that the morphine sulphate then and there prescribed was not given for medicinal purposes, but for the purpose of supplying one addicted to the use of opium and the compounds, salts, and derivatives and preparations thereof. The other overt acts in the indictment are of the same general character.

The unlawful act, therefore, charged against the defendant, is not the improper or unlawful dispensing of a drug, whether in good or bad faith, but consists in having in the possession and under the control of Martin certain drugs. The indictment, therefore, cannot be sustained, unless the having in the possession and under the control of Martin of certain drugs is an unlawful thing and a violation of the act of Congress.

In reading the eighth section in connection with the remaining sections of the act of Congress, when it provides that it shall be unlawful for any person not registered under the provisions of this act to have in his possession certain drugs, I think that the word "person" should be held to refer to the persons with whom the act of Congress is dealing; that is, the persons who are required to register and pay the special tax in order to import, produce, manufacture, deal in, dispense, sell, or distribute. And there is no allegation in the indictment that Martin had in his possession these drugs for any of these purposes.

The indictment, therefore, could not be sustained, unless the mere fact of having the drug in his possession is a violation of the law. If so, any person would be presumptively guilty and subject to indictment, and have the burden of proof cast upon him under this section, if he had any small amount of the prescribed drug in his possession, without any reference to the purpose for which it was to be used, whether legitimate or otherwise.

On account of the view which the court entertains as to the scope of the act of Congress, the motion to quash the indictment is sustained, and a general exception is noted to the government, and they will be given any special exception that may be desired.