FRANKLIN v. BIDDLE, Warden of the United States Penitentiary at Leavenworth, Kan.

(Circuit Court of Appeals, Eighth Circuit. April 8, 1925.)

No. 6765.

1. **Habeas corpus ⬅➡96—Province of court on habeas corpus proceeding instituted by defendant convicted of crime.**

In habeas corpus proceedings by a petitioner who has been convicted of a crime, the question for the court is, not the sufficiency of the indictment against a direct attack by demurrer or motion in trial court, or the soundness of the trial court's decision as to the sufficiency of the indictment, but the sufficiency of the indictment to give the trial court jurisdiction to enter upon inquiry and make a decision.

2. **Poisons ⬅➡4—Provision of Anti-Narcotic Act denouncing possession without payment of special tax held applicable only to persons required to pay tax.**

Harrison Anti-Narcotic Act, § 8 (Comp. St. § 6287n), making it unlawful for any person not registered under the provision of the act to have possession or control of narcotics without payment of special tax as required by section 1 (section 6287g), held applicable only to the classes of persons required by such section to pay such tax.

3. **Poisons ⬅➡9—Indictment charging possession of narcotics without payment of special tax must allege defendant member of class required to pay tax.**

Indictment charging possession or control of narcotics without payment of special tax, in violation of Harrison Anti-Narcotic Act, § 8 (Comp. St. § 6287n), must clearly and affirmatively allege that defendant is a member of the class of producers, manufacturers, dealers, and distributors required by section 1 (section 6287g) to pay such tax.

4. **Habeas corpus ⬅➡30(2)—Petitioner held not entitled to discharge from custody because of insufficiency of indictment not affecting jurisdiction.**

Defendant convicted of possession of narcotics in violation of Harrison Anti-Narcotic Act, § 8 (Comp. St. § 6287n), was not entitled to discharge merely because indictment was insufficient in that it failed to affirmatively allege that defendant was a member of a class required to pay such tax by section 1 (section 6287g), on theory that imprisonment deprived him of liberty in violation of Const. Amend. 6, because indictment did not inform him of the nature and cause of accusation in violation of Amendment 5, since insufficiency of indictment did not affect the court's jurisdiction.

5. **Habeas corpus ⬅➡4—Writ of "habeas corpus cannot be made to perform office of writ of error.**

The writ of "habeas corpus" cannot be made to perform the office of a writ of error, but is available only to relieve a prisoner from the restraint imposed by a judgment or order that is absolutely void on the ground that the court was without jurisdiction to render it.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Habeas Corpus.]

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Petition for writ of habeas corpus by Harry Franklin against W. I. Biddle, as Warden of the United States Penitentiary at Leavenworth, Kan. From an order dismissing the petition, petitioner appeals. Affirmed.

Frans E. Lindquist, of Kansas City, Mo., and John B. Boddie, of Chicago, Ill., for appellant.

Al. F. Williams, U. S. Atty., and Alton H. Skinner, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before SANBORN and STONE, Circuit Judges, and SYMES, District Judge.

SANBORN, Circuit Judge. This is an appeal from an order of dismissal by the court below of a petition of Harry Franklin for a writ of habeas corpus on the ground that his petition did not set forth facts sufficient to invoke the jurisdiction of that court to grant the writ and discharge the petitioner. The facts set forth in the petition that it is necessary to consider are these: Franklin was indicted, tried, convicted, sentenced, and committed to the penitentiary at Leavenworth by the United States District Court of the Northern District of California, where he was held by the Warden under an indictment which charged that, in violation of section 8 of the Harrison Anti-Narcotic Act (section 6287n, Comp. St.), he was, about May 7, 1923, in the city of San Francisco unlawfully in possession of 32 grains of morphine and 10 grains of cocaine hydrochloride, "said defendant then and there be-

ing a person required to register and pay a tax under the provisions of the act aforesaid as amended, and said defendant not then and there having registered under the provisions of the said act, and not then and there having paid the special tax provided for by the aforesaid act on the said morphine" or hydrochloride. After setting forth this indictment, Mr. Franklin alleges "that he has not been, since the 1st day of March, 1915, a person who produces, imports, manufactures, compounds, deals in, dispenses, sells, distributes, or gives away opium or cocoa leaves or any compounds, manufacture, salt, derivative, or preparation thereof;" that his imprisonment deprives him of his liberty in violation of the Sixth Amendment to the Constitution, in that said indictment did not inform him of the nature and cause of the accusation against him; that the indictment charged no crime, and his imprisonment is without due process of law and in violation of the Fifth Amendment to the Constitution.

Counsel for the petitioner contend that the trial, conviction, and imprisonment of Mr. Franklin violated these amendments because the charge in the indictment, "said defendant then and there being a person required to register and pay a tax under the provisions of the act aforesaid as amended, and said defendant not then and there having registered under the provisions of the said act, and not then and there having paid the special tax provided for by the aforesaid act," failed to cause him to be informed "of the nature and cause of the accusation against him," and that his trial and conviction thereunder deprived him of his liberty "without due process of law." In support of this contention counsel have cited cases involving indictments that charged defendants with unlawful possession of opium under the Anti-Narcotic Act, and that on direct attack in the trial courts or on appeal from the decisions on such attacks have been held insufficient where those indictments contained no averment that the defendant or defendants was one of the class required to register and pay the tax, such as appeared in the indictment in the case in hand in the words "said defendant then and there being a person required to register * * * under the provisions of the act." United States v. Jin Fuey Moy (D. C.) 225 F. 1003, 1005, 241 U. S. 394, 399, 400, 402, 36 S. Ct. 658, 60 L. Ed. 1061, Ann. Cas. 1917D, 854; United States v. Carney (D. C.) 228 F. 163, 164, 165; Swartz v. United States (C. C. A.) 280 F. 115, 116; Lewis v. United States

(C. C. A.) 295 F. 678, 679; Hampton v. Wong Ging (C. C. A.) 299 F. 289, 290. They have also cited United States v. Woods (D. C.) 224 F. 278, and Johnson v. United States, 294 F. 753, 754, 756, in which the indictments contained such an allegation and demurrers to them were sustained by Judge Bourquin and by the Circuit Court of Appeals of the Ninth Circuit. On the other hand, in Miller v. United States, 288 F. 816, 817, the Circuit Court of Appeals of the Fifth Circuit overruled the demurrer to an indictment that "charged the defendant with unlawfully having in his possession and under his control on July 6, 1922, in the Jackson division of the Southern District of Mississippi, a quantity of morphine, being a derivative of opium, defendant not having registered and being a person required to register," and said "that was sufficient. It fully charges an unlawful possession * * * by one not registered who was a person required to register."

[1] The question in this case, however, is not the sufficiency of the indictment against Mr. Franklin against a direct attack by demurrer or motion in the trial court; it is its sufficiency to invoke the exercise of the jurisdiction of the court in California which tried him to decide, if it had been requested by the defendant in the proper time so to do, whether or not that indictment was sufficient to require him to stand trial thereunder. And the test of jurisdiction is not right decision but the right to enter upon the inquiry and make some decision. Foltz v. St. Louis & S. F. Ry. Co., 60 F. 316, 318, 8 C. C. A. 635; King v. McAndrews, 111 F. 860, 864, 50 C. C. A. 29. The proceedings and the decisions of the courts in the cases already cited where the sufficiency of similar indictments in like cases was involved leave little doubt of the jurisdiction of the federal court in California to hear and decide the question of the sufficiency of the indictment against Mr. Franklin, and to answer the other questions that may have arisen at the trial in his case.

[2, 3] The Anti-Narcotic Act and its judicial interpretation support that conclusion. Section 1 (section 6287g, Comp. St.) provides that every person who produces, imports, manufactures, compounds, deals in, dispenses, sells, distributes, or gives away opium or cocoa leaves or any compound, manufacture, salt, derivative, or preparation thereof, shall register and annually pay a special tax. Section 8 (section 6287n), declares that it shall be unlawful for any person not registered under the provisions of

that act, and who has not paid the special tax, to have in his posession or under his control any of the aforesaid drugs, with certain exceptions not relevant here. The indictment of Mr. Franklin was filed on May 15, 1923. It is now, was then, and has been ever since the decision of the Supreme Court in United States v. Jin Fuey Moy, 241 U. S. 394, 402, 36 S. Ct. 658, 60 L. Ed. 1061, Ann. Cas. 1917D, 854, on December 7, 1915, the established judicial construction of that section that the words "any person not registered" therein referred to included only the members of the class required to register by section 1; that is to say, the producers, manufacturers, dealers, and distributors of the drugs. In the light of that construction the averment in the indictment against Mr. Franklin that he unlawfully had in his possession on May 7, 1923, the morphine and cocaine hydrochloride, "said defendant then and there being a person required to register and pay a tax under the provisions of the act aforesaid," could hardly have failed to inform the court that tried him and the counsel who participated in the trial that he was charged with being a member of the class of producers, manufacturers, dealers, and distributors required to register by section 1, and not to be a mere consumer or addict or member of a different class. The averment of this fact in the indictment ought to have been embodied in a clear, positive, and affirmative statement. It ought not to have been left in the slovenly and reprehensible form in which it is found. Nevertheless, the allegation was not so obscure or unintelligible that its meaning was not readily perceptible to court and counsel, nor was it, or the indictment which contains it, insufficient lawfully to invoke the jurisdiction of the court to which it was presented and which tried and convicted the petitioner thereunder.

[4,5] In his petition for the writ, Mr. Franklin states in effect that he has not been since the 1st day of March, 1915, a member of the class of producers, manufacturers, dealers, and distributors required to register by section 1. This fact is not material in this court to the only issue in this case, which is the jurisdiction of the court in California to hear, try, and determine the case against Mr. Franklin. The fact he thus avers in his petition would have been a fitting defense to a charge that he was a member of the class he denies that he was a member of in the court that tried him, but the issue to which that fact is relevant is not within our jurisdiction now. If any error

was committed relevant to this fact at the trial in the court in California, that error cannot be reviewed in this proceeding. A writ of habeas corpus cannot be made to perform the office of a writ of error. It is available only to relieve a prisoner from the restraint imposed by a judgment or order that is absolutely void on the ground that the court was without jurisdiction to render it. In re Debs, 158 U. S. 564, 600, 15 S. Ct. 900, 39 L. Ed. 1092; In re Nevitt, 117 F. 448, 449, 54 C. C. A. 622.

The construction to be put on the indictment and its sufficiency were matters which rested primarily with the court that tried the petitioner. "If it erred in determining them, its judgment was not for that reason void, Ex parte Watkins, 3 Pet. 193, 203; Ex parte Parks, 93 U. S. 18, 20; Ex parte Yarbrough, 110 U. S. 651, 654, but subject to correction in regular course on writ of error. * * * And, if the petitioners permitted the time within which a review on writ of error might be obtained to elapse and thereby lost the opportunity for such a review, that gave no right to resort to habeas corpus as a substitute." Goto v. Lane, 265 U. S. 393, 402, 44 S. Ct. 525, 527, 68 L. Ed. 1070.

This petition for the writ of habeas corpus failed to state facts sufficient to warrant the conclusion that the court that tried the petitioner was without jurisdiction to try, convict, and sentence him. And the order of dismissal of the petition for the writ is affirmed.