## HOSTETTER v. UNITED STATES (two cases).

(Circuit Court of Appeals, Eighth Circuit. December 21, 1926.)

Nos. 7519, 7520.

**1. Criminal law ⬩620(1)—Consolidation of indictments for conspiracy and substantial offense held permissible (Comp. St. § 1690).**

Indictments for conspiracy to transport in interstate commerce a stolen automobile and for so transporting stolen automobile may be consolidated for trial, under Rev. St. § 1024 (Comp. St. § 1690), as embracing charges for acts or transactions connected together.

**2. Criminal law ⬩620(1)—Any error in consolidation of indictments is waived, in absence of objection and exception.**

There having been no objection or exception to consolidation of indictment for trial, any error in that respect was waived.

**3. Criminal law ⬩29—Parties may be punished both for conspiracy to transport stolen automobile in interstate commerce and for such transportation.**

Conspiracy to transport a stolen automobile in interstate commerce, pursuant to which conspirators stole and so transported it, and such transportation, constitute separate offenses, for both of which the parties may be punished.

**4. Constitutional law ⬩268—Criminal law ⬩620(1)—Trying one at single trial before single jury for more than one infamous crime, and imposing separate punishment is not unconstitutional (Comp. St. § 1690; Const. Amend. 5).**

For federal court to try one at a single trial before a single jury for more than one infamous crime, indictments for which have been consolidated pursuant to Rev. St. § 1024 (Comp. St. § 1690), and imposition of punishment for each, is not violative of Const. Amend. 5.

**5. Criminal law ⬩1216(2)—Where indictments have been consolidated for trial, court can impose cumulative sentences.**

Federal court can impose cumulative sentences for offenses, indictments for which have been consolidated for purpose of trial.

**6. Receiving stolen goods ⬩1—Driving automobile between states is "transportation."**

Moving automobile under its own power from one state to another is "transportation" in interstate commerce.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Transport—Transportation.]

In Error to the District Court of the United States for the District of Colorado; John Foster Symes, Judge.

Harry H. Hostetter was convicted of conspiracy and of transporting a stolen automobile in interstate commerce, and brings error. Affirmed.

Daniel E. Bird, of Kansas City, Mo. (F. W. Driscoll, of Kansas City, Mo., on the brief), for plaintiff in error.

Roy H. Blackman, Asst. U. S. Atty., of Denver, Colo. (George Stephan, U. S. Atty., of Denver, Colo., on the brief), for the United States.

Before KENYON, Circuit Judge, and SCOTT and JOHN B. SANBORN, District Judges.

SCOTT, District Judge. On the 18th day of April, 1925, two indictments were returned against the defendants Harry Hostetter and Clifford Obermeyer in the District Court of the United States for the District of Colorado. Indictment No. 3127, docketed in this court as cause No. 7519, charges in substance that said Hostetter and Obermeyer, on or about the 20th day of January, 1925, did knowingly and feloniously transport and cause to be transported in interstate commerce from the city of Pueblo, in the county of Pueblo, in the state and district of Colorado, to and into the city of Franklin, in the county of Morgan, in the state of Illinois, a certain motor vehicle, to wit, one Ford coupé automobile, bearing motor number 10418093, which automobile was then and there the property of one H. C. Philbrick, of the city of Coolidge, in the county of Hamilton, state of Kansas, and which automobile had theretofore on the 12th day of December, 1924, been stolen from said Philbrick at said city of Pueblo, all as said Hostetter and Obermeyer then and there well knew.

Indictment No. 3129, docketed in this court as cause No. 7520, charges in substance that said Hostetter and Obermeyer, on or about the 1st day of December, 1924, at the city of Pueblo, in the state and district of Colorado, did willfully, knowingly, feloniously, etc., conspire, combine, confederate, and agree together and with one Edward A. Griggs to commit certain offenses against the United States, to wit, to violate the Act of Congress of October 29, 1919 (Comp. St. §§ 10418b–10418f), in this: That it was the purpose and object of said conspiracy to willfully, unlawfully, feloniously, etc., transport or cause to be transported in interstate commerce from the city of Pueblo and county of Pueblo, in the state and district of Colorado, to the city of Franklin, in the county of Morgan, state of Illinois, a certain Ford coupé automobile, describing the same automobile as that described in indictment No. 3127, which said automobile was the property of one Harold C. Philbrick, of the city of Coolidge, county of Hamilton, state of Kansas, knowing the same

to have been stolen from the said Philbrick; and further charging, in substance, that after the formation of said conspiracy, and in pursuance of and to effect the object thereof, the said Hostetter and Griggs did on the 12th day of December, 1924, in the county of Pueblo and state of Colorado, steal, take and carry away the said automobile; and further in substance alleging that, after the formation of said conspiracy and in pursuance of and to effect the object thereof, on or about the 20th day of January, 1925, said Obermeyer did unlawfully and feloniously transport and cause to be transported in interstate commerce from the city of Pueblo, in the county of Pueblo, in the state and district of Colorado, to and into the city of Franklin, in the county of Morgan, state of Illinois, said automobile, then and there the property of said Philbrick, of the city of Coolidge, county of Hamilton, state of Kansas, and which automobile had theretofore on the 12th day of December, 1924, been stolen from said Philbrick, all as the said Hostetter, Obermeyer, and Griggs then and there well knew.

Edward A. Griggs was not made defendant in indictment No. 3129, and to each of the indictments in question the defendants Hostetter and Obermeyer appeared and pleaded not guilty, and thereupon the District Court, by appropriate form of order, consolidated the two indictments for the purpose of trial; no objection being interposed or exception saved to such consolidation. The causes thus consolidated were tried, and in each cause the jury returned a verdict finding the defendant Hostetter guilty as charged, and thereupon, on motion of the United States attorney, the court, on the verdict upon indictment No. 3127, sentenced said Hostetter to confinement in the penitentiary of the United States at Leavenworth, Kan., for a term of five years from and after the 15th day of May, 1925, and that he pay a fine of $2,000, and upon the verdict returned upon indictment No. 3129 (the conspiracy verdict) the court sentenced said Harry Hostetter to confinement in the penitentiary of the United States at Leavenworth, Kan., for a term of two years, and that he pay a fine of $5, and further ordered that the term of imprisonment on the conviction under indictment No. 3129, case No. 5054, should commence to run at the expiration of the term of imprisonment in case No. 5052.

The defendant Hostetter has sued out writ of error in each of the cases, and brings them to this court thereon. The cases were argued and submitted together; the assignments of error in each case being identical. Eight assignments of error were filed. No. 1 assigns error on the consolidation of the two causes for trial; No. 2, in imposing two punishments; No. 3, in imposing a sentence in excess of two years for the offenses as charged in the indictments so consolidated; No. 4, in imposing more than one punishment; No. 5, in imposing a punishment in excess of the maximum punishment for a single violation of the act, and assigning as reason that the excessive judgment deprives defendant of his right to petition for a parole; No. 6, in imposing punishment at all, on a claim that the evidence fails to show that the automobile was transported in interstate commerce within the meaning of section 3 of the Act of October 29, 1919 (Comp. St. § 10418d); No. 7, in denying defendant's motion to exclude all of the evidence; and No. 8, in not arresting judgment on indictment in case No. 5052, because the act therein charged is the same as that charged in the indictment in case No. 5054, and subjects defendant to double penalty.

Counsel for plaintiff in error have not argued the eight assignments referred to separately and in order. The argument for plaintiff in error comprises a discussion of seven points or propositions.

[1, 2] Point I. "Error of the court in ordering the indictments Nos. 5052 and 5054 consolidated, in that they are not of a like nature or like penalty and not authorized by section 1024 of the Revised Statutes of the United States."

Section 1024 of the Revised Statutes of the United States (Comp. St. § 1690) is in the following language:

"When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."

It will be observed that this section includes three classes of charges which may be consolidated. First, "several charges against any person for the same act or transaction;" second, "or for two or more acts or transactions connected together;" and third, "or for two or more acts or transactions of the same class of crimes or offenses." Where two or more persons enter into a conspiracy to commit a particular offense, and subsequently one or more of them in pursuance of the conspiracy commit that offense, we think it beyond the realm of controversy that the facts perti-

nent to the two offenses constitute "two or more acts or transactions connected together." It seems to us that such a case falls both within the letter and the spirit of section 1024. But there is another answer to this proposition; that is, there was no objection interposed or exception saved to the consolidation of these indictments, and even though there might be doubt as to our first conclusion, any error of the District Court in that respect would be waived. Logan v. United States, 144 U. S. 263, 12 S. Ct. 617, 36 L. Ed. 429.

[3] Point II. That "the two indictments charge but one single offense, subject to but a single punishment."

This point is clearly without merit, nor do the cases cited by plaintiff in error in any manner sustain the proposition. The conspiracy alleged, if entered into, was an entirely separate offense, and might have been proven by entirely different evidence than the transportation of the automobile in interstate commerce, as alleged in the indictment in cause No. 7519. In cause No. 7520, the indictment alleges conspiracy and sets forth two separate overt acts—one, the larceny of the automobile within the state of Colorado; and the other, the transportation of the automobile in interstate commerce. Now, the conspiracy—that is, the confederation and agreement—having been alleged and established, the crime of conspiracy would be complete upon proof of the larceny as set forth in the first overt act, and the government would not be required to undertake any proof of transportation in interstate commerce. However, we think it equally clear and well settled that a conspiracy having as its object an offense against the United States is complete and independent in its criminal characteristic of the offense which may be the object of the conspiracy, and if such offense, the object of the conspiracy, happens thereafter to be committed by one of the conspirators, he may be punished for both offenses.

[4] Point III. "The United States District Court of Colorado was without jurisdiction to try defendant (or plaintiff in error) for more than one infamous crime at one trial before a single jury, for the reason that such an indictment is contrary to the expressed provisions of the Fifth Amendment, and if section 1024 of the Revised Statutes authorizes more than one punishment, such section clearly attempts to do what the Fifth Amendment guarantees cannot be done by Congress or a federal court, and was enacted by Congress without power or constitutional authority."

It seems to us that this point is likewise without merit, and we find nothing in the authorities cited by counsel for plaintiff in error which ought to mislead counsel in urging such proposition to this court.

[5] Point IV. "The trial court had no jurisdiction to assess cumulative, successive or consecutive sentence, as there is no federal statute authorizing such sentence, and the common law to which we look for precedents and interpretations does not sanction such sentences."

Point V. "There is no federal statute authorizing a federal judge to postpone the operation of a sentence, for a definite or indefinite period of time, or for any cause or reason, as this is the executive's prerogative."

What we have said to points II and III applies equally to points IV and V. The practice, often unavoidable, of imposing sentences upon separate counts of a single indictment, or of indictments consolidated, with provision for the running of such sentences consecutively, is too thoroughly established, and has been of two long a practice to require, either discussion or citation of authorities. True, it is not an infrequent practice for courts to impose one general judgment or sentence covering the several counts in a single indictment; but, where two indictments are consolidated for the purposes of trial only, each case has its own record. Indeed, the instant case illustrates the practice very clearly. Cause No. 7519 and cause No. 7520 come to this court upon two separate records, two separate assignments of error, and under two separate appeals, and are only argued and considered together for the purpose of convenience.

Point VI. "Because of excessive sentence defendant (or plaintiff in error) will be deprived of his right to petition for parole at the time entitled thereto under the provisions of the Parole Act of June 25, 1910," as amended (Comp. St. §§ 10535–10544).

This point is attempted to be sustained by citation of the case of O'Brien v. McClaughry (C. C. A.) 209 F. 816. The opinion in the cited case, as written, is not in our opinion an authority on the proposition quoted. It may not be inappropriate to say, however, that the case of O'Brien v. McClaughry follows the case of Munson v. McClaughry (C. C. A.) 198 F. 72, 42 L. R. A. (N. S.) 302, and that the United States Supreme Court, in the case of Morgan v. Devine, 237 U. S. 632, at page 640 et seq., 35 S. Ct. 712, 59 L. Ed. 1153, disapproved the case of Munson v. McClaughry, and we think both the McClaughry Cases in effect overruled.

[6] Point VII. "The indictment charges no offense against the United States and fails to

come within the provisions of section 3 of the Dyer Act, and fails to give the mode or method of transportation in interstate commerce, or that it was transported in interstate commerce by railroad or other common carrier, and the District Court of Colorado, under the provisions of section 5 of the act was without jurisdiction to sentence defendant (or plaintiff in error) to the United States penitentiary at Leavenworth, Kansas."

This contention it seems to us is wholly without merit. The argument seems to be that, because the automobile was moved from one state to another under its own power, rather than carried upon a railroad train, it therefore did not move in interstate commerce. The contention is utterly unsound.

We find no error in the ruling of the trial court, and the judgment in each of the cases, No. 7519 and No. 7520, is affirmed.