## HUMPHRIES v. BIDDLE, Warden, etc.

Circuit Court of Appeals, Eighth Circuit.
April 23, 1927.

No. 7555.

1. **Habeas corpus ⊚══92(1)—Regularity in obtaining judgments under which petitioner is imprisoned cannot be inquired into on habeas corpus, but only jurisdiction.**

On habeas corpus proceeding by one imprisoned after conviction, the regularity of the steps leading up to the final judgments and sentences cannot be inquired into; but whether the court had jurisdiction of the person and of the class of offenses, and whether the sentences were within its power, are the only questions open.

2. **Criminal law ⊚══620(1)—Consolidation for trial of indictment for conspiracy with one for the substantive offenses does not prevent conviction and punishment under both (Comp. St. § 1690).**

Consolidation under Rev. St. § 1024 (Comp. St. § 1690), of two indictments, being for purposes of trial, does not prevent conviction and punishment under both, though the substantive offenses in one are the same as the overt acts set up in the other, charging conspiracy.

3. **Criminal law ⊚══620(1)—Court can at same time try one before single jury for several infamous crimes, on consolidation (Comp. St. § 1690).**

The indictments having been consolidated for trial, under Rev. St. § 1024 (Comp. St. § 1690), court has jurisdiction to try one for more than one infamous crime at one trial, and before a single jury.

4. **Criminal law ⊚══620(1)—Statute allowing more than one punishment, though consolidated indictments charge infamous offenses, held not unconstitutional (Comp. St. § 1690).**

Treating Rev. St. § 1024 (Comp. St. § 1690), providing for consolidation of indictments, as authorizing more than one punishment, though the offenses charged in the indictments, tried together, be infamous, does not make it unconstitutional.

5. **Criminal law ⊚══995(6)—Consecutive sentences can be imposed for several offenses tried together.**

Consecutive sentences can be imposed for the several offenses charged in the consolidated indictments and the several counts thereof.

**6. Habeas corpus ⬤═85(1)—To make available, on habeas corpus, point that court had no power to split up general verdict, it must be shown that it was such a verdict.**

That there is no showing that verdict was a general one is answer to point made on habeas corpus that court had no jurisdiction to split up the general verdict of guilty into several verdicts of guilty on the several counts.

**7. Criminal law ⬤═1216(2)—Sentence for conspiracy, and also sentences for the completed substantive offenses, can be imposed.**

Court can impose sentence for the offense of conspiracy, and also sentences for the completed substantive offenses.

**8. Criminal law ⬤═995(6)—Consecutive sentences held not void for uncertainty as to order of sequence.**

Sentence under first of consolidated indictments of imprisonment for certain time, and sentences under second indictment of imprisonment for certain time on each of enumerated counts, said sentences to run consecutively and not concurrently, and sentence in second case to begin at expiration of sentence in first case, *held* not void for uncertainty as to order of their sequence.

Appeal from the District Court of the United States for the District of Kansas.

Petition for habeas corpus by Nat J. Humphries against W. I. Biddle, Warden of the United States Penitentiary at Leavenworth. From an order of dismissal, the petitioner appeals. Affirmed.

Nat J. Humphries, pro se.

Alton H. Skinner, Asst. U. S. Atty., of Topeka, Kan. (Al. F. Williams, U. S. Atty., on the brief), for appellee.

Before LEWIS and BOOTH, Circuit Judges, and PHILLIPS, District Judge.

BOOTH, Circuit Judge. This is an appeal from an order dismissing a petition for a writ of habeas corpus and denying the writ.

The petition sets out that on May 29, 1924, two indictments, numbered respectively 8170 and 8171, were returned against petitioner in the District Court of the United States for the Northern District of Ohio, Eastern Division. Copies of the two indictments are attached to the petition as exhibits. The petition then sets out that, after arraignment, the two indictments were consolidated by the court on September 15, 1924, and that a trial was had, resulting in the conviction of petitioner.

Indictment 8170 charges petitioner and another with conspiracy to commit the offenses against the United States of breaking into buildings used as post offices of the United States with intent to commit larceny therein; of stealing from said buildings certain property of the Post Office Department of the United States. Five overt acts were set out: The breaking into the post office building at Scienceville, Ohio; the breaking into the post office building at Youngstown, Ohio; the stealing of two boxes containing money and stamps from the post office building at Youngstown; the stealing of a registered letter from the same building; the stealing of postage stamps from the post office building at Scienceville.

Indictment 8171, in five counts, charged petitioner with committing the same offenses which were set up as overt acts in indictment 8170.

The verdict of the jury in case 8170 read as follows:

"United States of America, Northern District of Ohio, Eastern Division SS. The United States, Plaintiff, v. Nat J. Humphries, Defendant. April Term, A. D., 1924. In the District Court of the United States. No. 8170. Verdict. We, the jury in this case, being duly impaneled and sworn, do find the defendant Nat J. Humphries guilty as charged in the indictment. P. W. Doyle, Foreman."

The verdict in case 8171 is not set out in the record.

September 15, 1924, the court imposed sentence under indictment 8170 of imprisonment for two years in the United States penitentiary at Atlanta, Ga. The transcript of the record does not show what, if any, sentence was imposed under indictment 8171 on that day.

September 30, 1924, and at the same term of court, no service of the sentences having been entered upon, the court set aside the sentence or sentences imposed on September 15th, and imposed new sentences: Under indictment 8170, two years' imprisonment in the United States penitentiary at Leavenworth; under indictment 8171, imprisonment in the United States penitentiary at Leavenworth for three years on each of the first, second, and fifth counts, and for two years on each of the third and fourth counts, "said sentences to run consecutively and not concurrently, and further said sentence in this case to begin at the expiration of sentence in case No. 8170."

Under proper commitments, petitioner was taken to the United States penitentiary at Leavenworth, where he was received October 8, 1924, and has since remained. In his petition for the writ of habeas corpus, presented in January, 1926, petitioner alleges:

" * * * Ever since the 8th day of June, 1925, he has been deprived of his right to petition for parole because of the fact that the respondent has interpreted the sentence imposed by the trial court to be a cumulative sentence of 15 years; whereas, in truth and in law, it is but a single sentence of but 2 years, and petitioner was entitled to a petition for a parole on the 8th day of June, 1925."

As above stated, his petition was dismissed. This appeal followed. Under the assignment of errors, the following points are relied upon by appellant in his brief: [1] (1) That the court had no power to change the sentences after the expiration of the judgment term, nor after service of the sentences had been entered upon. The answer to this point is that the judgment term had not expired, and the record shows that service of the sentences had not been entered upon. Furthermore, the regularity of the steps leading up to the final judgments and sentences under which petitioner was committed cannot be inquired into in habeas corpus proceedings. The only questions open in such proceedings are whether the court had jurisdiction of the person of the accused, and of the class of offenses with the commission of one of which he was charged, and whether the sentence imposed was one within the court's power to pronounce. Tullidge v. Biddle, 4 F.(2d) 897 (C. C. A. 8); Cardigan v. Biddle, 10 F. (2d) 444 (C. C. A. 8); Franklin v. Biddle, 5 F.(2d) 19 (C. C. A. 8).

[2] (2) That after the consolidation of the two indictments, pursuant to section 1024, Revised Statutes (Comp. St. § 1690), the court could not impose sentence for the offense of conspiracy in the first indictment, and also for the offenses in the second indictment under sections 190, 192, 194, Criminal Code (Comp. St. §§ 10360, 10362, 10364), which were the same as the overt acts in the conspiracy indictment. The answer to this point is that the consolidation was simply for the purposes of trial. It had no effect on the power of the court to impose sentence. Though the substantive offenses in the second indictment were the same as the overt acts in the first indictment, there was no legal objection to defendant being convicted and punished under both indictments. Cardigan v. Biddle, supra; Hostetter v. United States, 16 F.(2d) 921 (C. C. A. 8).

[3, 4] (3) That the United States District Court for the Northern District of Ohio was without jurisdiction to try appellant for more than one infamous crime at one trial, and before a single jury; and that, if section 1024, Revised Statutes, authorizes more than one punishment, the statute is unconstitutional. This point was ruled adversely to appellant's contention by this court in Hostetter v. United States, supra.

[5] (4) That the court had no jurisdiction to impose consecutive sentences. (5) That the court had no power to postpone beginning of one sentence until another sentence had been served. (6) That upon the imposition of the first sentence in case 8170 the power of the court was exhausted. These points have all been ruled adversely to appellant's contention. Ebeling v. Morgan, 237 U. S. 625, 35 S. Ct. 710, 59 L. Ed. 1151; Morgan v. Devine, 237 U. S. 632, 35 S. Ct. 712, 59 L. Ed. 1153; United States v. Daugherty, 269 U. S. 360, 46 S. Ct. 156, 70 L. Ed. 309; Cardigan v. Biddle, supra; Hostetter v. United States, supra; Gillenwaters v. Biddle, 18 F.(2d) 206 (C. C. A. 8).

[6] (7) That the court had no jurisdiction to split up the general verdict of guilty into several verdicts of guilty on the several counts. This point would apply to case 8171 only, and the answer to it is that there is no showing that the verdict was a general one in that case.

[7] (8) That the court could not impose a sentence for the offense of conspiracy, and also sentences for the completed substantive offenses. Rulings on this point have been adverse to appellant's contention. United States v. Rabinowich, 238 U. S. 78, 35 S. Ct. 682, 59 L. Ed. 1211; Cardigan v. Biddle, supra; Hostetter v. United States, supra.

[8] (9) That the sentences were void for uncertainty as to the order of their sequence. Rulings adverse to this contention are found in United States v. Daugherty, supra; Gillenwaters v. Biddle, supra.

We have set forth these various points seriatim, with the fond, even though faint, hope that their recital may prevent the same points being pressed upon the attention of this court or the trial courts with such frequency as heretofore.

The petition for the writ of habeas corpus on its face disclosed no ground for the issuance of the writ. The petition was properly dismissed.

The order of dismissal is affirmed.