### UNITED STATES v. NASH et al.

District Court, S. D. New York.
June 25, 1931.

George Z. Medalie and John A. Wilson, both of New York City, for the United States.

Isaac Siegel, of New York City, for defendant Richard Nash.

Charles Sylvester, of New York City, for defendant Philip A. deStefano.

**WOOLSEY, District Judge.**

This is one of those comparatively rare cases in which cumulative sentences are indicated as appropriate.

I shall impose such sentences.

**I.** The defendants now to be sentenced have been convicted on two counts.

On the first count they have been found guilty under title 18, U. S. C., § 91 (18 USCA § 91), of bribery of an officer of the United States, for which the penalty is not more than three times the amount of the bribe, in this case $1,000, and imprisonment for not more than three years.

They have also been found guilty under the second count, under the Conspiracy Statute, title 18, U. S. C. § 88 (18 USCA § 88), of conspiracy to commit an offense against the United States denounced under the Bribery Statute, title 18, U. S. C. § 91 (18 USCA § 91). The penalty for such conspiracy is a fine not more than $10,000 or imprisonment for not more than two years, or both.

The situation in this case is unusual, and I think that perhaps it is unique, in that here a sworn narcotic officer of the United States was held guilty of having conspired with a former narcotic officer to bribe another narcotic officer of the United States not to recognize a certain fugitive from justice.

**II.** The question before me at the present stage of the case is the quantum of the punishment which the defendants should receive.

On such a question I must look at the real situation as to sentences and time to be served.

Under the provisions of title 18, U. S. C. § 710 (18 USCA § 710), for deductions from sentences for good conduct, on a sentence of five years, there will be deductions of eight days for each month, and as there are sixty months in five years that makes a deduction of 480 days, or one year and 115 days.

So that on a five-year sentence, assuming that the defendants behave themselves in a manner satisfactory to the prison authorities, they will automatically get the rebate from their sentences just above mentioned and will serve only three years and 250 days.

A similar rule of reduction for good behavior applies under the same statute on a three-year sentence.

Consequently if I should give a three-year sentence the defendants would be entitled to a deduction of 252 days and would serve only two years and 113 days.

What I have said does not take into consideration any possible earlier release by the parole.

**III.** The crime of which the defendants have been found guilty is so heinous in its nature and so subversive of all good government, and the situation shown is to my mind so serious, that after considering the matter carefully ever since the verdict, and after reading all the authorities which I have been able to find on the subject of sentences, I have decided to sentence the defendants here to a fine of $3,000 and three years imprisonment on the first count, and two years and $10,000 on the second count, and to provide that the prison terms are to be served consecutively and not concurrently.

**IV.** It is settled law that conspiracy to commit an offense is an entirely different crime from the offense itself. United States v. Rabinowich, 238 U. S. 78, pages 83 to 88, 35 S. Ct. 682, 59 L. Ed. 1211.

Cumulative sentences for offenses constituting separate crimes, although committed practically at the same time, and as part of the same criminal intent, were approved in Blitz v. United States, 153 U. S. 308, 317, 14 S. Ct. 924, 38 L. Ed. 725. See also Ebeling v. Morgan, 237 U. S. 625, 35 S. Ct. 710, 59 L. Ed. 1151.

Cumulative sentences for conspiracy and for the substantive crime to which the conspiracy was pointed have been approved in Humphries v. Biddle, Warden of Leavenworth, 19 F.(2d) 193 (C. C. A. 8); Hostetter v. United States, 16 F.(2d) 921 (C. C. A. 8).

When it is considered that the sale of unstamped drugs is punishable under the Harrison Anti-Narcotic Act, title 26, U. S. C. § 705, by a fine of $2,000 or five years' imprisonment, or both, and that the illegal importation of drugs, under the Act of February 9, 1909, 21 U. S. C. §§ 173 and 174 (21 USCA §§ 173, 174), is punishable by a fine of $5,000 and ten years' imprisonment, it is quite clear that a crime such as has been committed by these defendants is not too heavily punished by a cumulative sentence resulting in five years' imprisonment and accompanying fines in the full amount allowed under the statutes involved.

For the crime which the defendants have committed is among the most serious of crimes from the standpoint of the government, and in the case of the defendant Nash it is aggravated by the fact that he was an of-

ficer of the United States and, consequently, occupied a fiduciary relationship towards his government whose officer, Lachanauer, he has been held guilty of bribing.

V. (a) Consequently it is the sentence and judgment of this court that Richard Nash, under the first count of the indictment, be imprisoned in the Federal Penitentiary at Atlanta, Ga., for three years and pay a fine in the sum of $3,000 to the United States, and that under the second count, he be imprisoned in the Federal Penitentiary at Atlanta, Ga., for a period of two years and pay a fine in the sum of $10,000 to the United States government; and that the prison sentence under the second count is to commence as soon as the prison sentence under the first count may end and be served consecutively and not concurrently.

(b) It is the sentence and judgment of this court that Philip A. DeStefano, under the first count of the indictment, be imprisoned in the Federal Penitentiary at Atlanta, Ga., for three years and pay a fine in the sum of $3,000 to the United States, and that under the second count he be imprisoned in the Federal Penitentiary at Atlanta, Ga., for a period of two years and pay a fine in the sum of $10,000 to the United States; and that the prison sentence under the second count is to commence as soon as the prison sentence under the first count may end and be served consecutively and not concurrently.

VI. I shall not admit the defendants to bail.

So far as this court is concerned, they must be remanded to the custody of the United States marshal at once in order that the execution of the sentences may begin.

I have read over my somewhat voluminous notes taken on the trial and my charge to the jury herein.

I do not think there is any reversible error.

I feel, therefore, that the defendants had a fair trial.

The jury deliberated a long time, and in finding them guilty and in acquitting the defendant Keane, the jury came to the conclusion to which I myself should have come on the evidence adduced herein.

There is not, therefore, in this case any element involving the conviction of these defendants in any reasonable doubt, and, consequently, there is not any reason whatever, in my opinion, for suspending the execution of the sentences which I have just imposed.