## GILLENWATERS v. BIDDLE, Warden.

(Circuit Court of Appeals, Eighth Circuit. March 22, 1927.)

No. 7532.

**1. Criminal law ⊜═995(6)—Sentence of imprisonment for five years on each of four counts of indictment held sufficient in form to impose consecutive sentences.**

Sentence reciting that accused be imprisoned in federal penitentiary "for a period of five years on each of the first, second, third, and fourth counts of said indictment, the said imprisonment sentences to be served consecutively from the date of delivery of said defendant to the warden or keeper of the said penitentiary," *held* sufficient in form to impose consecutive sentences.

**2. Habeas corpus ⊜═30(2)—Defendant, sentenced on four counts, to run consecutively, held not entitled to discharge on habeas corpus on ground indictment charged but one offense (Mann Act [Comp. St. §§ 8812–8819]).**

Where charges in four counts of indictment were faultless, and each described offense against United States under the Mann Act (Comp. St. §§ 8812–8819), which were neither colorless nor impossible under the law, judgment of court having jurisdiction was not wholly void, since construction of indictment and its sufficiency were matters primarily for determination of trial court, and convicted defendant was not entitled to discharge on habeas corpus, on ground that indictment charged but one offense, and that therefore only a single sentence could be imposed.

**3. Habeas corpus ⊜═4—Habeas corpus may not be made substitute for writ of error.**

Habeas corpus may not be made a substitute for a writ of error.

**4. Prostitution ⊜═1—Personal presence of accused in connection with interstate transportation of women for immoral purposes is unnecessary to conviction (Mann Act [Comp. St. §§ 8812–8819]).**

Personal presence of accused in connection with transportation in interstate commerce of women for immoral purposes in violation of

Mann Act (Comp. St. §§ 8812–8819) is unnecessary to conviction.

**5. Criminal law ⟨⟩29—That four women were transported in interstate commerce in same vehicle for immoral purposes held not necessarily to imply single offense (Mann Act [Comp. St. §§ 8812–8819]).**

That four women were transported in interstate commerce at same time in one conveyance for immoral purposes, in violation of Mann Act (Comp. St. §§ 8812–8819), *held* not necessarily to imply a single offense.

**6. Criminal law ⟨⟩29—Distinct violations of law growing out of same transactions constitute "distinct offenses."**

Distinct violations of law growing out of the same transactions constitute distinct offenses; test of identity of offenses being whether *same evidence is required to sustain* them.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Petition for habeas corpus by Frank M. Gillenwaters against W. I. Biddle, Warden of the United States Penitentiary at Leavenworth, Kan. From a decree denying the writ and dismissing the petition, petitioner appeals. Affirmed.

Frank M. Gillenwaters, in pro. per.

Alton H. Skinner, Asst. U. S. Atty., of Topeka, Kan. (Al. F. Williams, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before STONE and VAN VALKENBURGH, Circuit Judges, and TRIEBER, District Judge.

VAN VALKENBURGH, Circuit Judge. At the March term, 1922, in the Eastern district of Illinois, an indictment containing four counts was returned against the petitioner. The first count charges an offense under the Mann Act (Comp. St. §§ 8812–8819) for the transportation of one Lillian Thomason from Paducah, in the state of Kentucky, into the Eastern district of Illinois. The second count alleges the felonious transportation of one Marie Thomason, a girl under the age of 18 years, the third count, that of Murriel Thomason, a girl under the age of 18 years, and the fourth count, that of Gladys Pipkins, a girl under the age of 18 years. In all other respects the counts are identical. The date of the offense charged is July 30, 1921. Petitioner was convicted upon all four counts. The sentence was that "he be imprisoned in the United States penitentiary, at Leavenworth, Kan., for a period of five years on each of the first, second, third, and fourth counts

of the said indictment, the said imprisonment sentences to be served consecutively from the date of the delivery of the said defendant to the warden or keeper of the said penitentiary, and that he pay a fine to the United States in the sum of $1,000 on each of the said counts of the said indictment, together with all costs of this prosecution."

[1] Appellant filed his petition for writ of habeas corpus in the District Court for the District of Kansas. On motion the writ was denied, and the petition dismissed, from which action of the court this appeal is taken. Substantially but two questions are presented. The first is that the sentence of the court was insufficient in form for the imposition of consecutive sentences. The second is that the offenses charged in the four counts of the indictment constitute really but one transaction, and therefore that only a single sentence, within the limits of the statute, could be imposed. The first point is ruled against appellant under the authority of United States v. Daugherty, 267 U. S. 590, 45 S. Ct. 508, 69 L. Ed. 802.

[2] As to the second point: The case was heard and ruled upon the face of the petition filed. The indictment was made a part of that petition. The charges in the four counts are faultless and each describes an offense against the United States; that offense as stated was neither colorless nor an impossible one under the law. The construction of the indictment and its sufficiency were matters the determination of which rested primarily with the trial court. The jurisdiction being conceded, its judgment in any view is not wholly void. Goto v. Lane, 265 U. S. 393, 44 S. Ct. 525, 68 L. Ed. 1070.

In Cardigan v. Biddle, 10 F.(2d) 444–447, we held that, "where one seeks discharge from confinement after conviction for an offense upon a petition for habeas corpus, the sole questions presented are whether petitioner was convicted by a court having jurisdiction of his person and the offense, and whether the sentence pronounced was one within the power of the court."

The Supreme Court, in Knewel v. Egan, 268 U. S. 442–446, 45 S. Ct. 522, 524 (69 L. Ed. 1036), confirms this rule. It says: "It is fundamental that a court upon which is conferred jurisdiction to try an offense has jurisdiction to determine whether or not that offense is charged or proved. Otherwise, every judgment of conviction would be subject to collateral attack and review on habeas corpus on the ground that no offense was charged or proved."

[3] It cannot be too strongly emphasized

that habeas corpus may not be made a substitute for writ of error.

[4] The petitioner could fare no better if his appeal were to be considered on the merits. The indictment on its face discloses, in four separate counts, four distinct offenses, involving four different women. The only thing there appearing that could create the impression that there was but one transportation is that the transportation took place from the same point in the state of Kentucky to an unnamed point or points in the Eastern district of Illinois, and that the same date is alleged in each count. Each count of the indictment, following the statute, states that the defendant transported and caused to be transported the woman or girl therein named. The personal presence of the defendant in connection therewith was unnecessary. The transportation could have been caused and brought about otherwise than by personal contact and accompaniment.

[5] Furthermore, under the rule laid down in Ebeling v. Morgan, 237 U. S. 625, 35 S. Ct. 710, 59 L. Ed. 1151, the mere fact, if that had been disclosed, that the four women were transported together in one conveyance, would not necessarily imply a single offense. In the case just cited the defendant in one transaction stole a number of mail sacks and cut them open, with the intent to steal and carry away the contents thereof. He was indicted upon separate counts for the cutting of the several sacks, and upon conviction was sentenced consecutively, making in all a period of 15 years' imprisonment; having served the sentence of 3 years imposed under one count, Ebeling applied to the District Court of the United States for a writ of habeas corpus, upon the ground that he had endured all the punishment that could be legally imposed upon him, for the reason that the act charged in the several counts constituted but one transaction. The writ was denied, and the Supreme Court in affirming this action said:

"Although the transaction of cutting the mail bags was in a sense continuous, the complete statutory offense was committed every time a mail bag was cut in the manner described, with the intent charged. The offense as to each separate bag was complete when that bag was cut, irrespective of any attack upon, or mutilation of, any other bag."

[6] It is well settled that distinct violations of law growing out of the same transaction constitute distinct offenses. Albrecht v. United States, 47 S. Ct. 250, 71 L. Ed. ——, opinion filed January 23, 1927. "The test

of identity of offenses is whether the same evidence is required to sustain them; if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by the statutes." Morgan v. Devine, 237 U. S. 632, 35 S. Ct. 712, 59 L. Ed. 1153.

In the case at bar differing evidence must necessarily have been introduced with respect to the four women transported. In each case the attitude of mind, to wit, the intent, was a personal one. What happened thereafter might, or might not, have been due in each case to an original intent, nor could such intent as to one be imputed to the others. This view is in harmony with that announced by this court in Roark v. United States (No. 7436) 17 F.(2d) 570, decided January 31, 1927.

It follows that the decree below must be affirmed.