**UNITED STATES v. FUSELIER et al.**
**No. 5481.**

District Court, W. D. Louisiana, Monroe Division.

April 19, 1930.

Philip H. Mecom, U. S. Atty., of Shreveport, La.

L. Austin Fontenot and John W. Lewis, both of Opelousas, La., for the defendants.

DAWKINS, District Judge.

The defendants are charged in three counts of an indictment with having violated the National Bankruptcy Law (11 USCA) and in another with conspiracy to conceal assets of the bankrupt estate of O. L. Fuselier & Son. Defendants have moved to dismiss the indictment for the reason that it does not properly state an offense against the United States.

The first count alleges that the several defendants, some of whom were the bankrupts and others outside persons, did conceal from the trustee certain "property belonging to the bankrupt estate of Oliphus L. Fuselier," consisting of several tracts of real property, "being all the lands described in the pretended act of sale from O. L. Fuselier to the pretended Mamou Land & Investment Company, Inc., a fictitious corporation, dated January 14, 1928, and recorded in Conveyance Book B–14, p. 513 of the records of Evangeline Parish, Louisiana, of the net value of approximately $20,000."

This count merely charges the legal conclusion that the defendants did conceal the property described, plus the further legal conclusion that it was the land embraced "in the pretended act of sale * * * to the fictitious" corporation. There is no allegation of fact as to what was done to conceal the property or as to why or how the transaction was pretended, or the corporation fictitious. My view is that this does not state any fact upon which the government could

introduce proof to show the circumstances necessary to constitute an offense for the simple reason that they have not been alleged. In other words, the count contains nothing but legal conclusions, and for that reason is insufficient in law to compel the defendants to meet them as a criminal charge.

The second count charges the defendants with conspiring to conceal the same property, together with certain sums of money, but likewise fails to allege any fact as to when, how, or in what manner the concealment was to be effected. It merely follows the language of the statute by saying the defendants, in contemplation of bankruptcy, conspired to conceal the property and funds described. Here, also, there is no allegation of fact which the defendants can be called to meet.

Counts 3 and 4 charge the defendants with attempting "to obtain from" the trustee "property, reward and advantage for forbearing to act in his capacity as trustee, as aforesaid, in investigating and causing to be investigated acts of said bankrupts and others done prior to and after adjudication, that is to say" they did "attempt to obtain from" the trustee "certain property, reward and advantage for forbearing to act in his capacity as trustee," etc. Here again the counts not only fail to allege any fact, but charge the defendants with attempting to obtain from the trustee property, etc., for the purpose of inducing him to forbear from acting in his official capacity, which is clearly a misapplication of the terms of the statute, in that it denounces as a crime the giving or offering of a reward to the trustee for such forbearance and not the giving by him of such consideration to the defendants. These counts are clearly defective and insufficient to support a prosecution.

Taken as a whole, the bill is so inadequate and defectively drawn that I do not believe the defendants should be compelled to go to trial under it, and it will therefore be dismissed.