### ALABAMA PACKING CO. v. UNITED STATES.

### No. 12090.

Circuit Court of Appeals, Fifth Circuit.

March 23, 1948.

Crampton Harris, George S. Brown and Kenneth Perrine, all of Birmingham, Ala., for appellant.

T. Vincent Quinn, Asst. Atty. Gen., Harvey H. Tisinger, Sp. Asst. U. S. Atty., of Atlanta, Ga., and Robert Giles, Asst. U. S. Atty., and John D. Hill, U. S. Atty., both of Birmingham, Ala., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Proceeded against under the penal provisions of the War Powers Act,[1] appellant, a federally inspected slaughterer, was charged by information containing 225 counts with two kinds of willful violations of War Food Order 75.2[2] relating to beef

---

[1] "Any person who willfully performs any act prohibited, or willfully fails to perform any act required by, any provision of this subsection (a) or any rule, regulation, or order thereunder, whether heretofore or hereafter issued, shall be guilty of a misdemeanor, and shall, upon conviction, be fined not more than $10,000 or imprisoned for not more than one year, or both." Subd. (5), Sec. 633, 50 U.S.C.A.Appendix.

[2] Many times amended, this order, as applying to the information as a whole, in substances defined "federally inspected slaughterer", and by amendment 31, effective October 28, 1945, provided in subd. 1(b) that no federally inspected slaughterer should deliver meat for civilian consumption unless he shall:·

(1) set aside, reserve and hold for delivery to governmental agencies the following percentages of each week's production of beef: 30 per cent of that graded U. S. Commercial; 40 percent of that graded U. S. Utility; and 50 percent of that graded canner and cutter;

(2), (and it is this portion of the order on which the 85 counts are based) "deliver to governmental agencies, authorized purchasers, etc., before the close of each calendar week, beef of each of the grades specified in paragraph b(1) in an amount not less than the amount of beef of such grade required to be set aside, reserved, and held during the previous week".

products. The counts charging one kind may be called the "set aside" counts, the other the "delivery counts". The set aside counts charged willful delivery for civilian consumption without setting aside for governmental agencies, the delivery counts charged willfully delivery for civilian consumption without delivery to governmental agencies, of a specified number of pounds of beef of a specified grade during named weeks. All set aside counts went out of the case, the defendant, convicted on 85 counts, charging civilian delivery without delivery to governmental agencies, has appealed, matching the multitude of the counts with as great a multitude of assigned errors. Assigned, arranged, and catalogued by subject matter, however, instead of by counts, they fall into four groups.

The first group deals with claimed error in overruling defendant's motion to dismiss for insufficiency each[3] of the 85 counts. The insufficiencies alleged were: (1) Failure "to state facts sufficient to constitute an offense against the United States"; (2) failure to charge any criminal offense; (3) violation of the sixth amendment for failure to inform the defendant of the nature and cause of the accusation.

The second group deals with claimed errors in the giving and refusing of charges defining "willfully."

The third group deals with claimed errors in excluding evidence on its defense that its violation of the order was not willful.

The fourth group deals with claimed error in multiplying offenses. The point made here is that only thirty-four deliveries of meat for civilian consumption were dealt with in the 85 counts, whereas the counts are drawn on the theory that each delivery was made up of three grades of beef (see subd. 1, note 2), and the one delivery, therefore, constituted three separate and distinct offenses.[4]

On its first point, that the information contains no allegation of fact charging appellant with the commission of a crime and that the allegation in each count, that what was done was "in violation of War Food Order 75.2, as amended," was a mere conclusion of the pleader and added nothing to the information, appellant cites as controlling our cases, Sutton v. United States, 5 Cir., 157 F.2d 661 and Grimsley v. United States, 5 Cir., 50 F.2d 509.

■ We agree. It may not be doubted that unless the words "in violation of War Food Order 75.2, as amended", can be taken as supplying all of the facts essential to constitute the offense charged, each of the counts on which defendant was convicted is wholly insufficient to charge a crime. In order for defendant to have been guilty of the offense of delivering meat for civilian consumption while failing to deliver meat to governmental agencies, (1) it must have slaughtered some of that particular grade of beef in the previous weeks, and (2) it must have failed to deliver a certain percentage of that beef to governmental agencies. The information does not charge the amount of the prior weeks' slaughter, the particular grade that was slaughtered or the percentage of each grade which should have been delivered to governmental agencies.

All that is charged in each count is that defendant delivered meat for civilian consumption and did not deliver a certain poundage and grade to the government. Under War Food Order 75.2, defendant could have done just this without being guilty of any offense. To charge defendant

---

[3] Count 129, typical of these counts, charged as follows:

"During the week ending Nov. 10, 1945, in the Northern District of Alabama, Alabama Packing Co., a corporation, being a federally inspected slaughterer, willfully delivered meat for civilian consumption, and did not deliver to governmental agencies, authorized purchasers, contract schools, marine hospitals, maritime academies, and ship suppliers, 1,970 pounds of U. S. commercial grade beef, in violation of War Food Order

75.2, as amended, contrary to the form of the statute in such cases, made and provided and against the peace and dignity of the United States."

[4] For instance, Government's Exhibit F-3 showed a delivery on Nov. 13, 1945, to A & P Food Stores by the defendant. Based on that delivery the information contains three counts: 130, 161 and 192, count 130 relating to Commercial grade beef, 161 to Utility grade beef, and 192 to Cutter and Canner grade beef.

with crime, the information should have alleged the facts of the delivery for civilian consumption and of the non-delivery to governmental agencies, and these facts must have shown that these deliveries were made under circumstances prohibited by the War Food Order.

The defendant, not only timely moved to dismiss the information for its insufficiencies, but throughout the case maintained and preserved its position. The motion should have been granted. Its dismissal was reversible error. For the failure to grant it, the judgment must be reversed.

The reversal ordered on appellant's first point has made it unnecessary for us to determine whether appellant's other points present reversible error. In view of the fact, however, that on another trial these questions will certainly again arise, we think it necessary to give brief expression to our views on them.

Upon appellant's point No. 2, charging error in the giving and refusing of charges defining "willfully," it is sufficient to say that we agree with appellant that it was error for the court to charge as it did on page 604 of the record.[5] We agree with appellee though that on page 605 [6] the court correctly charged the meaning of "willfully" as applied to this case, and that it was not reversible error to refuse defendant's requested charges.

In insisting that in addition to knowingly doing the prohibited act, the defendant must have had an evil purpose, a guilty conscience, a sense of moral guilt, defendant goes beyond the language of the statute which prohibits willfully doing or leaving undone an act and confuses the rule of the necessity of scienter in offenses mala in se with the rule applicable to offenses mala prohibita.

What we have just said makes it clear that there is no merit in defendant's third point that the evidence there offered was relevant upon the issue of whether it willfully did not do the thing charged. None of the matters it sought to prove was a defense. Neither did they in any manner bear upon whether defendant knowing that the War Food Order prohibited it from doing them, intentionally and deliberately did the prohibited acts. All of the evidence it offered had to do with an effort to present what it thought was a moral excuse for not complying with the statute. None of these excuses were at all relevant upon the sole question whether defendant had deliberately and knowingly done the acts charged.

Finally, we agree with appellant on its fourth point that in making 85 counts out of 34 offenses, the government has unduly split and unlawfully multiplied them. Blockberger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, on which the government relies is not applicable. Braden v. United States, 8 Cir., 270 F. 441; Parmagini v. United States, 9 Cir., 42 F.2d 721; Robinson v. United States, 10 Cir., 143 F.2d 276; are controlling here. The theory of the government that the offenses consist in the non-delivery to the government rather than in the delivery for civilian consumption will not do. The offense is the delivery of beef for consumption, not having made the requisite delivery to the government. This is not to say that the defendant could not commit three offenses on the same day by making three separate deliver-

---

[5] "But to authorize a finding of guilty under any one or all of the counts of the information, it is not necessary that you believe beyond a reasonable doubt that in making such deliveries of meat for civilian consumption that defendant supposed that it was breaking the law, or that the defendant specifically intended thereby to violate the applicable law".

[6] "If you believe from the evidence in this case that the defendant knew what it was doing, that is to say that the defendant actually knew that it was under an obligation not to deliver meat for civilian consumption during any week included in the information unless it also delivered to governmental agencies, authorized purchasers, and so forth, the specified percentages of the several separate grades of beef required to be set aside during the previous week, and that, notwithstanding its actual knowledge of such obligation, it knowingly, deliberately and purposefully delivered meat for civilian consumption during that week without also performing its obligation to deliver the required set aside beef of the previous week to the governmental agencies, and so forth, it would be your duty to find the defendant guilty under the appropriate count of the information."

ies of three separate kinds of beef. It is to say that the proof in this case that there was one delivery in each of thirty-four weeks, in short thirty-four deliveries in all, will not support the conviction on eighty-five counts as for eighty-five deliveries.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

HOLMES, Circuit Judge (specially concurring).

I concur in the opinion in so far as it holds that the counts upon which the conviction rests fail to state an offense, but think the opinion should end there. Nothing further is necessary to be said in order to dispose of the case, and I am not in entire accord with the views expressed in the remainder of the opinion.