## ST. CLAIR v. HIATT, Warden.

### No. 2376.

United States District Court
N. D. Georgia, Atlanta Division.

April 12, 1949.

Andrews & Nall and Walter G. Cooper, both of Atlanta, Ga., for petitioner.

J. Ellis Mundy, U. S. Atty, and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for respondent.

E. MARVIN UNDERWOOD, District Judge.

On January 21, 1938, in the United States District Court for the Western District of Virginia, petitioner, upon his plea of guilty, was sentenced on ten counts of an indictment charging violations of the Mann Act, 18 U.S.C.A. §§ 2421–2424, to ten consecutive prison terms of two and one-half years each, aggregating twenty-five years. He was represented by counsel.

The first count of the indictment charged the unlawful interstate transportation of a single female. The tenth count charged the unlawful interstate transportation of three females, but the transportation of all was at the same time and in the same automobile. Each of counts two to nine, inclusive, charged the unlawful transportation of a single female, but the transportation of the females named in counts two and three was by the same automobile and at the same time. Likewise, the women named singly in counts four and five, six and seven, and eight and nine, were transported respectively, two at a time in the same vehicle and at the same time, so that, though ten offenses were charged, there were only five acts of transportation.

Petitioner alleges as grounds for writ of habeas corpus that his sentences in excess of an aggregate of twelve and one-half years are invalid because he was guilty of only five offenses and not ten, since there were only five acts of transportation; and that he has completely served the five valid sentences.

Respondent challenges his petition on two grounds, first, as prematurely brought because he has not complied with Section 2255 of Title 28 United States Code Annotated, and, second, upon the merits, because the ten sentences were for ten separate offenses and lawfully imposed.

Petitioner replies by averring that Section 2255 of Title 28 United States Code Annotated is unconstitutional and also that, if valid and applicable, it has been complied with.

Section 2255 is in the following language:

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

Article I, Section 9, Clause 2 of the Constitution provides that: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."

Unless the provisions of Section 2255 amount to a suspension of the writ, it is constitutional.

█ This historic writ was the offspring of the common law, but its benefits and securities have been safeguarded and enlarged through the centuries, from times of momentous struggles for freedom to the present, by the great charters of liberty and freedom, Magna Charta, 1215; Petition of Right, 1628, 3 Car. I ci; Habeas Corpus Act, 1679, 31 Car. II c2; Bill of Rights, 1689, 1 William & Mary c2; and our own Constitutions, laws and decisions, both Federal and State.

It has been the greatest bulwark of freedom against tyranny, oppression and injustice. "The writ of habeas corpus has played a great role in the history of human freedom. It has been the judicial method of lifting undue restraints upon personal liberty. * * * The most important result of such usage has been to afford a swift and imperative remedy in all cases of illegal restraint upon personal liberty." Price v. Johnston, 334 U.S. 266, 269, 283, 68 S.Ct. 1049, 1052.

Any statute which might tend to weaken its efficiency or delay its availability or makes its use more difficult should be carefully considered and construed liberally in the light of its history and its benign purposes.

"Moreover, the principle has developed that the writ of habeas corpus should be left sufficiently elastic so that a court may, in the exercise of its proper jurisdiction, deal effectively with any and all forms of illegal restraint. The rigidity which is appropriate to ordinary jurisdictional doctrines has not been applied to this writ. * * * Only in that way can we give substance in this case to our previous statement that 'dry formalism should not sterilize procedural resources which Congress has made available to the federal courts.'" Price v. Johnston, 334 U.S. 283, 284, 68 S.Ct. 1059.

█ The question here is, does Code Section 2255 place such restrictions upon

the use of the writ as to amount to an unconstitutional suspension of it, or, are such restrictions merely permissible requirements of procedure which do not suspend but only temporarily delay its use for a reasonable time for a justified purpose?

When properly construed, I think the latter alternative statement is the proper construction.

It is true that there may be instances where compliance with the requirement to file a motion in the trial court before proceeding by habeas corpus would be so difficult as to amount virtually to a denial of the writ, as where an illiterate, friendless and indigent prisoner should be required to prosecute his motion in a far distant court unaided by counsel and unable to appear personally and adequately present his case, or where his motion, after presentation, has remained unacted upon for an unreasonable time. However, provision is made in the section itself for such a contingency. Under such provision, the habeas corpus court must determine for itself whether the remedy by motion is "inadequate or ineffective" and will undoubtedly examine the application and all the facts and circumstances pertinent to its presentation to satisfy itself on this question.

When so construed, the provision of the section in question is a legal exercise of the power of Congress.

It remains to be considered whether the section has been complied with in this case, and if not, whether, under the facts compliance was unnecessary.

█ Judge Paul, the trial judge, stated in correspondence between him and petitioner relating to the validity of the sentences questioned in this proceeding, that he would treat petitioner's letter, if he desired it, as a motion to correct the sentences. Later a motion to this end was filed by petitioner's brother. Judge Paul considered the matter properly before him and wrote a carefully considered and able opinion denying the relief sought. This decision was rendered before the effective date of the statute and no appeal was taken though Judge Paul, in his opinion, suggested that this be done in view of the conflicting decisions.

The measures above described, in my opinion, may be deemed sufficient compliance with Section 2255, though taken prior to its effective date. To hold otherwise would be insistence upon mere technicality and formalism. I think, therefore, that the case is properly before this Court on the application for writ of habeas corpus and its grounds will be considered upon their merits.

█ On the merits, a single question of law is presented. The question is well put by Judge Paul in the following language, "There being no dispute about the facts, there is presented to the court this one clear cut question: Where a violation of the White-Slave Act involves the transportation of more than one woman on the same trip and in the same vehicle, has there been committed only one criminal act, or does the transportation of each woman constitute a separate and distinct offense?" United States v. St. Clair, D.C., 62 F.Supp. 795, 796.

The determination of this question depends upon proper construction of the Mann Act, which makes it a penal offense knowingly to "transport or cause to be transported, or aid or assist in obtaining transportation for, or in transporting, in interstate * * * commerce * * * any woman * * * for the purpose of prostitution," etc. Sec. 2, 18 U.S.C. § 398, now Section 2421, Title 18 United States Code Annotated.

On this question, there is direct conflict of authority. Apart from Judge Paul's ruling in this case, I have been able to find only two opinions in which the precise question has been passed upon. They were cited by Judge Paul. The Court of Appeals for the Eighth Circuit in Gillenwaters v. Biddle, 18 F.2d 206, at page 208, in a habeas corpus proceeding, held that, "The mere fact, if that had been disclosed, that the four women were transported together in one conveyance, would not necessarily imply a single offense." The Court went on to say: "In the case at bar differing evidence must necessarily have been introduced with respect to the four women transported. In each case the attitude of mind, to wit, the intent, was a personal one." 18 F.2d at page 208. After thus

commenting, the Court held that four separate offenses were charged in the indictment and affirmed the judgment denying the writ and dismissing the petition.

On the other hand, the Court of Appeals for the Tenth Circuit, in the case of Robinson v. United States, 143 F.2d 276, in a case where defendant transported three women in interstate commerce for immoral purposes at the same time and in the same automobile, held that the transportation constituted but one offense.

The Court of Appeals for the Fifth Circuit, in the case of Alabama Packing Company v. United States, 167 F.2d 179, 182, in a case involving violation of the Second War Powers Act, 50 U.S.C.A. Appendix, § 631 et seq., cited the Robinson case with approval in criticising an indictment making eighty-five counts out of thirty-four offenses, stating that, "The Government has unduly split and unlawfully multiplied them."

On the other hand, the Circuit Court for the Ninth Circuit in Parmagini v. United States, 42 F.2d 721, held that the concealment of opium and morphine in a single package constitutes but one offense, notwithstanding the fact that more than one narcotic product was contained in the package.

The Court of Appeals in Mellor v. United States, 8 Cir., 160 F.2d 757, certiorari denied 331 U.S. 848, 67 S.Ct. 1734, 91 L.Ed. 1858, held that an indictment under the Mann Act charging in a single count that the defendants unlawfully transported two girls in interstate commerce for immoral purposes was not duplicitous because charging in a single count the transportation of two girls.

In the case of Blockburger v. United States, 284 U.S. 299, 300, 52 S.Ct. 180, 76 L.Ed. 306, the Court say, "Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." (Headnote 3).

It will be seen that there is a direct conflict in the only two cases passing on the precise question and considerable confusion in the decisions in other cases discussing analogous questions. In view, however, of the very painstaking and exhaustive opinion written by Judge Paul in which all of the cases are considered, nothing will be gained by further laboring the question.

Upon considering all the relevant cases and the Act itself and the nature of the offenses charged, I agree with Judge Paul that separate offenses have been charged and that the sentences on all the counts are valid.

It is true that transportation is the gist of the offense, but it is transportation affected by an unlawful motive. I am constrained to the view that the transportation for illegal purposes has relation to each female transported separately and that such transportation amounts to a separate offense.

No ground which would sustain the writ has been established.

Whereupon, it is considered, ordered and adjudged that said writ of habeas corpus be, and same is, hereby discharged and petitioner remanded to the custody of respondent.