**BELL v. UNITED STATES.**

No. 12109.

United States Court of Appeals
Sixth Circuit.

June 25, 1954.

———◇———

Robert Bell, per se.

John C. Crawford, Jr., Knoxville, Tenn., John P. Davis, Jr., Tazewell, Tenn., on brief, for appellee.

Before SIMONS, Chief Judge, and MARTIN and STEWART, Circuit Judges.

STEWART, Circuit Judge.

Appellant pleaded guilty to two counts of an indictment charging him with violation of the Mann Act, 18 U.S.C.A. § 2421, and was sentenced to two consecutive terms of imprisonment. Each count was identical, except for the name of the woman transported, it appearing that in fact the appellant had transported two women on the same trip and in the same vehicle. Appellant filed a motion to set aside his sentence on the second count of the indictment, and appeals from the denial thereof.

It is the appellant's contention that where a violation of the Mann Act consists of the simultaneous transportation of more than one woman, only one offense has been committed. The appellee contends that the transportation of each woman constitutes a separate and distinct offense, and the District Court so found.

The precise question has apparently not been decided by this court. In considering it, we are met at the threshhold with an irreconcilable conflict of authority. The courts of appeal for at least three circuits, and a district court in a fourth, have decided the question adversely to the appellant. St. Clair v. Hiatt, D.C.N.D.Ga.1949, 83 F.Supp. 585, affirmed per curiam 5 Cir., 1950, 177 F. 2d 374, certiorari denied 339 U.S. 967, 70 S.Ct. 983, 94 L.Ed. 1375; Crespo v. United States, 1 Cir., 1945, 151 F.2d 44, certiorari dismissed 327 U.S. 758, 66 S. Ct. 520, 90 L.Ed. 991; Gillenwaters v. Biddle, 8 Cir., 1927, 18 F.2d 206; United States v. St. Clair, D.C.W.D.Va.1945, 62 F.Supp. 795.

On the other hand, a decision of the Court of Appeals for the Tenth Circuit, Robinson v. United States, 1944, 143 F. 2d 276, squarely supports appellant's position, and the Court of Appeals for the Eighth Circuit, in holding that an indictment charging the unlawful interstate transportation of two females was not duplicitous, lends at least inferential support to his position. Mellor v. United States, 8 Cir., 1947, 160 F.2d 757, certiorari denied 331 U.S. 848, 67 S.Ct. 1734, 91 L.Ed. 1858.

A like inconsistency appears in other decisions upon analogous questions. Compare Alabama Packing Co. v. United States, 5 Cir., 1948, 167 F.2d 179; Kerr v. Squier, 9 Cir., 1945, 151 F.2d 308; Johnston v. Lagomarsino, 9 Cir., 1937, 88 F.2d 86 with McKee v. Johnston, 9

Cir., 1939, 109 F.2d 273; United States v. Antrobus, 3 Cir., 1951, 191 F.2d 969; Oddo v. United States, 2 Cir., 1949, 171 F.2d 854.

■ The traditional test of identity of offenses, as set out in Morgan v. Devine, 1915, 237 U.S. 632, at page 641, 35 S.Ct. 712, at page 715, 59 L.Ed. 1153 is "whether the same evidence is required to sustain them; if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by the statutes."

This test is somewhat easier to state than it is to apply. It is worth noting that most of the conflicting decisions cited above rely upon this same language of Morgan v. Devine.

At least two decisions of this court would appear superficially to support the appellant's position. In Anderson v. United States, 6 Cir., 1951, 189 F.2d 202, we affirmed a conviction under the narcotics laws, 26 U.S.C.A. § 2553(a). The indictment in that case contained four counts involving four bottles of different varieties of narcotics obtained in the same place and at the same time. Our opinion indicated agreement with the appellant's contention in that case that only one offense was involved, and the Mann Act case of Robinson v. United States, supra, was cited with apparent approval. However, we decided that the objection was not timely and further pointed out that since the sentences were to run concurrently, the appellant was not prejudiced.

This court recently held that the simultaneous theft of two letters from the mails constituted but a single offense. Smith v. United States, 6 Cir., 1954, 211 F.2d 957. In holding that the sentence under the second count of the indictment in that case should be expunged, we pointed out that there was nothing in either count of the indictment to indicate that either letter was taken in response to a separately formed criminal intent, and nothing to suggest that their abstraction was selective.

In the instant case the appellee emphasizes that the statute refers to "any woman or girl" in the singular, 18 U.S. C.A. § 2421; yet so does the mail theft statute refer, in the singular, to "any letter, postal card, * * *" etc., 18 U.S. C.A. § 1708. There can, therefore, be no distinction between the case at bar and Smith v. United States on the basis merely of semantics.

The difference between the two cases lies not in grammatical distinctions, but in a basic difference in the nature of the offenses involved. Stated another way, the difference lies in the inherent difference that exists between inanimate objects and human beings. It may well be that in the case of bottles of narcotics or pieces of mail capable of being taken by the indiscriminate handful, selectivity or a separately formed criminal intent cannot be assumed. In the offense involved in the case at bar, such an assumption is inescapable.

■ While the act of transportation was a single one, the unlawful purpose must of necessity have been selective and personal as to each of the women involved. Had there been a not guilty plea, it would have been necessary, in order to convict on either count, to prove not only the interstate transportation, but that the unlawful purpose existed as to the particular woman at the time of the transportation. The proof of this purpose would not depend upon proof of a similar purpose with respect to the other woman transported. We therefore believe that two separate offenses were committed in this case.

The judgment of the District Court is affirmed.