**James Lester PALLETT, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 15479.

United States Court of Appeals Fifth Circuit.

Jan. 17, 1956.

Joe H. Jones, Lester L. May, Dallas, Tex., for appellant.

William O. Braecklein, Asst. U. S. Atty., Dallas, Tex., Heard L. Floore, U. S. Atty., Fort Worth, Tex., for appellee.

Before BORAH and JONES, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge.

Appellant and his wife were indicted in four counts for concealing assets from their receiver and trustee in bankruptcy, in violation of 18 U.S.C. § 152. Three counts were dismissed by the government, leaving only Count II relating to a 1953 Chrysler automobile.[1] Defendants waived the jury, and the judge acquitted the wife but found appellant guilty. Appellant here urges that the judge erred in refusing to grant his motion to dismiss

1. "That heretofore, on or about the 20th day of July, 1953, and continuously thereafter, in Dallas, Dallas County, Texas, within the Northern District of Texas and within the jurisdiction of this Court, James Lester Pallett and Ruby Jewell Pallett, doing business as Lucky Liquor Stores, hereinafter called defendants, did knowingly, and fraudulently and wilfully

conceal and withhold from Melvin Yonack, duly appointed Receiver and Trustee for defendants, after said defendants were adjudged bankrupts on or about July 2, 1953, in United States District Court for the Northern District of Texas, one 1953 Chrysler New Yorker Four Door Sedan (Motor Number 53–8–11872) automobile, the said Melvin Yonack then being an officer of the aforementioned Court charged with the control and custody of property of bankrupt defendants, the said automobile being property belonging to the estate of said bankrupts."

the indictment and his motion for acquittal, both timely and properly presented.

This motion to dismiss complained that the indictment constituted only a legal conclusion and therefore did not properly charge an offense. The argument here is that the use of the words "concealed and withheld" and "belonging" without allegations of fact upon which they can be based renders the indictment fatally defective. In this connection it is urged that the government was required to allege the facts or circumstances which it contended constituted appellant's ownership of the vehicle, as well as facts showing that ownership on the date the petition in bankruptcy was filed.

We cannot agree. While it is awkwardly constructed, the indictment clearly charges that appellant was adjudged bankrupt on July 2, 1953; that on or about July 20, 1953, and continuously thereafter Melvin Yonack was the duly appointed receiver and trustee; that on or about that date, and continuously thereafter, appellant "did knowingly, fraudulently and wilfully conceal and withhold" from that officer a certain described automobile, that during this period that automobile was property "belonging" to the bankrupt's estate.

■ There can be no doubt as to the meaning of the words "conceal" and "belonging", and in the sense that they are used in the statute and the indictment, they do not describe legal concepts but state circumstances of fact. The indictment is written substantially in the words of the statute and clearly expresses the charge that appellant owned a vehicle which he knowingly and fraudulently hid and kept from the officer empowered and directed by law to collect and administer assets of a bankrupt. It set forth all the elements of the offense necessary reasonably to inform appellant of the nature of the charge and,

we think, meets the requirements of the Sixth Amendment under Rule 7(c) of Criminal Procedure, 18 U.S.C. United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92; Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L. Ed. 861; United States v. Walker, 5 Cir., 216 F.2d 683; Wilson v. United States, 5 Cir., 158 F.2d 659. The cases relied upon by appellant [2] were, with one exception, decided long prior to the promulgation of the Rules of Criminal Procedure when the requirements for pleading were much more technical. The Alabama Packing Company case involved an alleged violation of the War Powers Act, 50 U.S.C.A.Appendix, § 633, which proscribed conduct not criminal except under special and peculiar circumstances. See 167 F.2d 181.

In asserting his motion for acquittal here, appellant urges that the uncontradicted evidence shows that the certificate of title to the automobile had been issued to and was in the name of Eugene E. Smith at all material times, and that appellant failed to list and surrender the automobile upon the advice of his attorney that it did not belong to him under Texas law. These facts, he urges, unquestionably show that (1) he was not the owner of the automobile and was therefore not obliged to surrender it, or (2) even if he were its owner, he lacked the necessary criminal intent to commit the offense.

The government's evidence was that appellant acquired the 1953 Chrysler prior to bankruptcy from its owner by paying $1,500 in cash and trading in his own 1952 Chrysler; that at appellant's request the new certificate of title was put in the name of Smith; that after bankruptcy appellant sold the automobile to a soldier for $1,750 cash, paid directly to appellant by the soldier who thought appellant was the owner; that Smith did not authorize the use of his name for titling purposes, did not furnish the $1,-

---

2. Alabama Packing Co. v. United States, 5 Cir., 167 F.2d 179; Boykin v. United States, 5 Cir., 11 F.2d 484; Johnson v. United States, 9 Cir., 294 F. 753; United States v. Fuselier, D.C., 46 F.2d 568; United States v. Horton, D.C., 282 F. 731.

500 cash paid by appellant, did not pay appellant for the 1952 Chrysler traded in, and did not receive any of the $1,750 selling price from appellant.

Appellant testified that Smith requested him to buy a car for him and gave appellant $1,500, stating that he would pay appellant whatever was allowed as trade-in value on the 1952 Chrysler; that he told the seller of the 1953 Chrysler he was buying it for Smith; that the seller allowed $1,500 for the trade-in vehicle, which Smith later paid to appellant; that the 1953 Chrysler was titled in Smith's name because it was Smith's car; that Smith later requested appellant to sell the car and the $1,750 received was paid to Smith; that he did not list the 1953 Chrysler because his attorney told him he was not required to do so. The attorney testified and stated that no mention was made to him of a 1953 Chrysler when he was assisting appellant in preparing his schedules; that during the hearings before the referee such a vehicle was mentioned and he conferred with appellant about it; that in response to questioning, appellant told him the title was not in appellant's name and appellant had no interest in nor possession of the automobile; that upon this information, he advised appellant it was not necessary to list the car. However, upon cross-examination, the attorney stated that if the facts were as related by government witnesses, a full disclosure had not been made to him, that if such facts had been related to him, he would have listed the vehicle because he did not understand the Texas registration act, Vernon's Ann. Civ.St. art. 6675a–1 et seq. to supersede actual ownership interests. Texas courts have held that the certificate of title to a motor vehicle amounts to a presumption of ownership which can be ignored when evidence to the contrary is presented. Pioneer Mut. Compensation Co. v. Diaz, 142 Tex. 184, 177 S.W.2d 202; Knops v. Ordorica, Tex.Civ.App., 242 S.W.2d 454. Upon the conflicting evidence in this case, which must be viewed in the light most favorable to the government when considering a motion for acquittal, we think the trial judge was clearly justified in finding that appellant was the real owner of the automobile.

Further, if the government's evidence is believed, and is considered in connection with the testimony of appellant's attorney in the bankruptcy proceedings, it is evident that the necessary wilfullness or intent was amply proved.

Affirmed.